In re CARLETON.

(District Court, D. Massachusetts. June 21, 1904.)

No. 8,359.

1. BANKRUPTCY—DISCHARGE—EFFECT OF PRIOR DISCHARGE.

A discharge granted to a bankrupt, in partnership proceedings instituted by himself, is one granted in voluntary proceedings, and precludes him from obtaining a second discharge within six years, under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411].

2. SAME.

> The provision of Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], which forbids a discharge if the bankrupt has in voluntary proceedings been granted a discharge within six years, is not retroactive as applied to cases where the first proceedings were had prior to its enactment, but merely adds a new condition of discharge in cases instituted after the amendment.

In Bankruptcy. On application for discharge.

William H. Preble, for bankrupt.
Charles H. McIntyre, for objecting creditor.

LOWELL, District Judge. Carleton was adjudged bankrupt upon a petition which he filed as member of a firm composed of himself and one Freeman. On October 28, 1902, he received his discharge. On December 10, 1903, he was again adjudged bankrupt upon his individual voluntary petition, and now seeks for a discharge thereunder. The only objection made thereto is that founded upon section 4 of the Ray bill (Act Feb. 5, 1903, c. 487, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411]), which forbids discharge if the bankrupt has "(5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

Counsel for the bankrupt has suggested that the first adjudication was not had in voluntary proceedings; but, so far as the present bankrupt is concerned, the partnership proceedings must be deemed voluntary. He contends chiefly that to deny the bankrupt a discharge in this case would be to give to the Ray bill a retroactive effect; but this is not true. The original bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), indeed, did not forbid successive petitions in bankruptcy and successive discharges thereunder, but it conferred upon a bankrupt no vested right to file successive petitions and to receive successive discharges which is impaired by the Ray bill. That statute is not retroactive. It creates no new offense and imposes no penalty, but only fixes new conditions of discharge in case of petitions filed after its passage. Its language is plain, and, in accordance therewith, the discharge is here refused.