## In re JORDAN.

(District Court, E. D. Pennsylvania. December 16, 1905.)

### No. 2,197.

BANKRUPTCY—DISCHARGE—FORMER DISCHARGE "WITHIN SIX YEARS."

In order that a former discharge in voluntary proceedings should be "within six years," so as to defeat the right to a second discharge in subsequent proceedings, under Bankr. Act. 1898, c. 541, § 14b (5), as amended in 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St Supp. 1905, p. 684]), it must have been granted within six years prior to the hearing on the application for the second discharge.

In Bankruptcy. On objections to discharge.

David J. Myers, for bankrupt.
Keator & Johnson, for objecting creditors.

J. B. McPHERSON, District Judge. On March 23, 1899, the bankrupt filed a voluntary petition in a former proceeding in this court, and on June 20, 1899, he was granted a discharge. On March 13, 1905, he filed the present voluntary petition, and on September 21st he applied to be discharged. To this application objection has been taken, on the ground that the first discharge is "within six years"; and it is the scope of this phrase that is now in question. Bankr. Act July 1, 1898, c. 541, § 14, cl. "b" (Act Fed. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684]), requires the judge to "dis-

charge the applicant unless he has * * * (5) in voluntary proceedings been granted a discharge in bankruptcy within six years." This was one of the amendments of 1903, and the decisions have not been numerous upon the effect of this provision. It was considered in Re Neely, 12 Am. Bankr. 407, 134 Fed. 667, and by Judge Lowell in Re Carleton, 12 Am. Bankr. Rep. 475, 131 Fed. 146, and by the Circuit Court of Appeals for the First Circuit in Re Seaholm, 136 Fed. 144; but the point in controversy did not arise in any of these cases. It did arise, however, and was distinctly decided by the Circuit Court of Appeals for the Seventh Circuit, in Re Little, 13 Am. Bankr. Rep. 640, 137 Fed. 521, as will appear by the following quotation from the syllabus:

"The expression 'within six years' in the amendment of 1903 to section 14b of the bankrupt act of 1898, which forbids a discharge if the bankrupt has been granted a discharge within that period, measures the time between a first and second discharge, and not between a first discharge and the filing of a second petition in bankruptcy."

The reasoning of the court in support of its conclusion is eminently satisfactory, and I think the decision carries out the plain meaning of the clause. The section evidently has reference to the judge at the moment when he is about to enter a decree granting or refusing a discharge, and directs him to grant it, unless (inter alia) within six years the bankrupt has been discharged in voluntary proceedings. As it seems to me, this can only mean six years before the time when the second decree is under consideration, and is about to be entered, and I should so hold, even without the authority and the reasoning of In re Little. See, also, Loveland (2d Ed.) p. 752b; Collier (Hotchkiss' Ed.) p. 174; Brandenburg (3d Ed.) § 371.

The objections are overruled.