### In re HAASE.

#### (District Court, S. D. New York. March, 1907.)

BANKRUPTCY—DISCHARGE—FORMER DISCHARGE WITHIN SIX YEARS.

Under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4b, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684], which provides that the judge shall discharge a bankrupt unless he has "(5) in voluntary proceedings been granted a discharge in bankruptcy within six years," the six years is measured backward from the time of the hearing on the application for the second discharge, and not from the time of the commencement of the second proceeding.

In Bankruptcy. Discharge. On exception to objections.

Stern, Singer & Barr (William J. Barr), for creditor.
Edward Fillmore, for bankrupt.

HOUGH, District Judge. The specifications of objection declare that the bankrupt was granted a discharge in this court on the 19th of December, 1900, and "within six years before the commencement of this proceeding." By "this proceeding" is meant the filing of the present petition in bankruptcy. It is argued that (section 14b, subd. 5, Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), under the Ray amendment the discharge now prayed for cannot be granted (Act Feb. 5, 1903, c. 487, § 4b, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684]). As section 14b now stands, the words applicable to the present contention are these:

"The judge shall * * * discharge the applicant unless he has in voluntary proceedings been granted a discharge in bankruptcy within six years."

I cannot perceive how this language bears any construction other than that the six years is measured backward from the time of hearing. This is the view taken in the last edition of Collier on Bankruptcy, and in Re Jordan, 15 Am. Bankr. Rep. 449, 142 Fed. 292. That case was not decided upon the facts of In re Little, 13 Am. Bankr. Rep. 640, 137 Fed. 521, but upon the reasoning thereof, and both the reasoning of the Little Case and the decision in the Jordan Case appear to me correct interpretations of the section under consideration. It is to be remembered that prior to the amendment of 1903 there was nothing to prevent successive petitions being filed by habitual bankrupts within a few months of each other, and there is still nothing to prevent such petitions being presented. The effect of the Ray

amendment was to limit an existing right or privilege; and, while I personally think that the law ought to be at least as stringent as is contended by the objecting creditors, it appears to me too plain for further argument that Congress did not make the law in that shape.

The exception to the objection is sustained.