In re DUNPHY.

(District Court, D. Maine. August 9, 1913.)

No. 9,163.

BANKRUPTCY (§ 407*)—DISCHARGE—PRIOR DISCHARGE.

Under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that the judge shall hear the application for discharge and any proofs and pleas in opposition thereto, and discharge the bankrupt unless he has been granted a discharge in voluntary proceedings within six years, the six years is measured backward from the date of the filing of the application for discharge, not from the hearing of the application by the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of Lewis E. Dunphy. On report of referee denying a discharge. Finding of referee affirmed, and petition for discharge denied.

N. V. MacLean, of Bangor, Me., for bankrupt.
U. G. Mudgett, of Bangor, Me., for creditor.

HALE, District Judge. This case now comes before me upon the report of Mr. Mason, referee, denying the discharge of the bankrupt. It appears that on January 27, 1912, Dunphy filed a voluntary petition in bankruptcy, and on the same day was adjudged a bankrupt; that he filed his petition for discharge January 24, 1913; that upon this petition hearing was ordered for March 7, 1913; that on the 1st day of March, 1913, one of the creditors appeared, and filed specifications of objection to the granting of such discharge, upon the ground that the bankrupt in a previous voluntary proceeding in bankruptcy had been granted a discharge within six years before January 24, 1913, to wit, on March 11, 1907. The referee heard the parties on the question of the discharge of the bankrupt, and on July 8, 1913, filed his report recommending the denial of the discharge on the ground

that the specifications and objections had been sustained, namely, that it had been shown that Dunphy, in a previous voluntary proceeding in bankruptcy, had been granted a discharge on March 11, 1907, namely, within six years before January 24, 1913, the date of his application for discharge in this proceeding. It appears, then, that the bankrupt was discharged upon his former voluntary petition more than six years before the present time, but less than six years before his petition for discharge. Does section 14b have reference to the judge at the moment when he enters a decree granting or refusing a discharge? And does it direct him to grant the discharge unless within six years before that time the bankrupt has been discharged in former voluntary proceedings? In the Little Case, 137 Fed. 521, 70 C. C. A. 105, the Court of Appeals for the Seventh Circuit held that the limitation of six years referred to the time between the first and second discharge, and not between the first discharge and the filing of the second petition in bankruptcy. In the Jordan Case (D. C.) 142 Fed. 292, the District Court for the Eastern District of Pennsylvania granted a discharge where the bankrupt had been discharged in voluntary proceedings on June 20, 1899, and where he applied for another discharge on September 21, 1905, namely, more than six years after his former discharge. The court overruled the objections to the discharge, and thus decided that in order that the former discharge in voluntary proceedings should be "within six years," so as to defeat the right of a second discharge in subsequent proceedings under the statute, it must have been granted within six years prior to the application for a second discharge. The court, however, clearly expressed its opinion as follows:

"The section evidently has reference to the judge at the moment when he is about to enter a degree granting or refusing a discharge, and directs him to grant it, unless within six years the bankrupt has been discharged in voluntary proceedings."

In the Haase Case (D. C.) 155 Fed. 553, in the Southern District of New York, the bankrupt was granted a discharge within six years before the filing of the petition in bankruptcy in the case. Judge Hough quoted the provision of the statute, and said:

"I cannot perceive how this language bears any construction other than that the six years is measured backward from the time of hearing."

Judge Hough cited the Little Case and the Jordan Case. His decision was affirmed by the Court of Appeals. 164 Fed. 1022. This section was considered in this circuit by Judge Lowell, in the Carleton Case (D. C.) 131 Fed. 146, and by the Court of Appeals in the Seaholm Case, 136 Fed. 144, 69 C. C. A. 142; but this question did not arise in either of those cases. Loveland, in his fourth edition, section 732, says:

"The six years limit runs from the date of the discharge in voluntary proceedings to the date of judicial action upon the application for the next discharge, either in voluntary or involuntary proceedings."

Most of the other text-writers upon bankruptcy who have considered the subject take the same view. Remington, however (volume 3, p. 757), in speaking of the six years provision, says:

"Yet it would seem, on principle, that the rule should be that it measures the time between the granting of the first discharge and the filing of the application for the second discharge; otherwise a bankrupt, by merely delaying the final hearing upon his second application, might overcome that which was a valid bar at the time creditors were required to file specifications of their grounds for barring the discharge. Moreover, the finding of courts ordinarily should revert to the conditions as existing at the time of the instituting of the particular application in controversy."

I think the language of Remington presents a sound view of the subject, although it is not based upon any judicial decision; nor can I find that any court has distinctly held to this view. It must be said, however, that the cases which I have cited which seem to take the opposite view present merely dicta. They contain merely cogent and forcible language of the court, and not direct judicial decision. The statute (section 14b) provides:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto * * * and discharge the applicant unless he has (5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

The statute thus points vividly to the hearing as the vital time to be considered. It seems to me, however, that this reference to the time of hearing must be held to mean the time when the petition for discharge is filed; otherwise the bankrupt might file his application for his second discharge long before the expiration of the six years, and by procuring delays upon the final hearing of his second application he might then render the six years rule invalid. I think Remington is right in saying that the findings of courts should revert to the conditions as existing at the time of the instituting of the particular application. The day when the court happens to take up the case for decision ought not to be conclusive on the bankrupt's rights. A bankrupt ought not to be able to apply for his discharge within the six years, and then by delay avoid a law intended for the protection of creditors. The pleadings fix the status of a controversy. The bankrupt states his case in his petition for discharge. He ought not to have more than his petition entitles him to. He ought not to be allowed to state a groundless case, and then wait for time to give him a good case. I cannot hold that the moment of the finding of the court is conclusive, and that all a judge has to do, when he hears the petition for discharge, is to see if a discharge has not been rendered within six years before that moment. I think the application for discharge must be held to be the conclusive time as affecting the vital question.

The finding of the referee is affirmed.

The petition for discharge is denied.