## In re RUBIN.

(District Court, D. New Jersey. July 30, 1919.)

BANKRUPTCY ⊂⇒404(2)—DISCHARGE—DENIAL.

Under Bankruptcy Act July 1, 1898, § 14b, as amended (Comp. St. § 9598), and in view of General Order 31 and Official Form No. 57 (89 Fed. xii, lvii, 32 C. C. A. xxxi, lxxxi), *held*, that an application for discharge will be denied, where the application was made within six years after previous discharge on a voluntary petition, notwithstanding hearing on the application was not had until after expiration of the six-year period counting backward; for, while the discharge is initiated by the act of the bankrupt, the six-year period prescribed is measured back from the filing of the application, and not from the hearing.

In Bankruptcy. In the matter of the application of William Rubin, bankrupt. On exceptions to the master's report recommending that the bankrupt be discharged. Exceptions sustained, and bankrupt's discharge denied.

Joseph T. Lieblich, of Paterson, N. J., for exceptant.
William V. Rosenkrans, of Paterson, N. J., for bankrupt.

RELLSTAB, District Judge. The bankrupt's application for discharge is objected to on the ground that he—

"had been granted a discharge in bankruptcy in voluntary proceedings, within six years next preceding the time of the filing of this petition in bankruptcy."

The master, to whom such objection was referred, reported:

"I find that the bankrupt was discharged from his debts, by this court, upon a voluntary petition in bankruptcy, on the 15th day of January, A. D. 1912, that the specifications of objection were filed January 15, A. D. 1918, and that the order of reference on specifications was dated January 18, A. D. 1918; that, on such facts, it is my opinion, and I do therefore recommend, that William Rubin, the bankrupt, is entitled to his discharge."

The master cited no authorities and gave no reasons for his recommendation. He makes no reference to the dates of the filing of the creditors' petition in bankruptcy (July 14, 1917), or the bankrupt's pending application for discharge (November 8, 1917). These omissions suggest that the master considered that neither of these dates were material in disposing of such objection. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, as amended (Comp. St. § 9598), provides that—

"The judge shall hear the application for a discharge  *  *  *  and discharge the applicant unless he has  *  *  *  (5) in voluntary proceedings been granted a discharge in bankruptcy within six years."

The Bankruptcy Act does not state when such period begins or ends. It is conceded, and the authorities are agreed, that the date of granting the discharge in the previous proceedings is the time when the six-year period begins. The authorities are not in accord, however, as to the time when it ends. As the discharge in the previous bankruptcy proceedings was granted on January 15, 1912, and the date of the present

application for discharge (November 8, 1917) is within six years of that date, it is not necessary to determine whether the date of filing the petition in the pending bankruptcy proceedings is the time when that period ends. The only question necessary for decision is whether the date of such application or the time of some later proceeding based thereon, controls. The bankrupt contends that the time of the actual determining of the application presents the date from which the six-year period is to be reckoned backward. He cites In re Little (C. C. A. 7) 137 Fed. 521, 70 C. C. A. 105, 13 Am. Bankr. Rep. 640; In re Jordan (D. C. E. D. Pa.) 142 Fed. 292, 15 Am. Bankr. Rep. 449; In re Haase (D. C.) 155 Fed. 553, 17 Am. Bankr. Rep. 528, affirmed 164 Fed. 1022, 90 C. C. A. 667, 21 Am. Bankr. Rep. 928. The judicial expressions contained in these cases relied upon by the bankrupt were held to be obiter in Re Dunphy (D. C.) 206 Fed. 680, 30 Am. Bankr. Rep. 760.

In Re Little, supra, the question to be decided was whether a second petition in bankruptcy could be entertained within six years from the time of the petitioner's discharge in a voluntary bankruptcy. The decision was that the court's jurisdiction in bankruptcy existed, regardless of whether the bankrupt was entitled to his discharge or not. In the course of the opinion Judge Jenkins said:

"The expression 'within six years,' as we think, measures the time between the first and second discharge, and not between the first discharge and the filing of the second petition in bankruptcy." 137 Fed. 522, 13 Am. Bankr. Rep. 640.

This is clearly obiter.

In Re Jordan, supra, Judge McPherson referred to this language with approval and said:

"The section evidently has reference to the judge at the moment when he is about to enter a decree granting or refusing a discharge, and directs him to grant it, unless (inter alia) within six years the bankrupt has been discharged in voluntary proceedings. As it seems to me, this can only mean six years before the time when the second decree is under consideration, and is about to be entered, and I should so hold, even without the authority and the reasoning of In re Little." 142 Fed. 293, 15 Am. Bankr. Rep. 449.

This, too, was obiter, as in that case the application for discharge was made more than six years after the earlier discharge was granted, and the objections thereto could have been overruled on the ground that the application for the discharge was made after the six years had expired.

In Re Haase, supra, the time of making the application for a discharge is not stated, and it is impossible from the brief opinion to say whether the question there was as circumscribed as it is here. The syllabus indicates that "the commencement of the second proceeding" was rejected as the date from which the six years was to be measured backward; but that Judge Hough agreed with Judges Jenkins and McPherson is manifest, for he said, with reference to clause 5 of section 14b:

"I cannot perceive how this language bears any construction other than that the six years is measured backward from the time of hearing."

This case was affirmed (per curiam in open court) without any written opinion.

In Re Dunphy, supra, relied upon by the objecting creditor, Judge Hale treated all these quoted judicial expressions as dicta and held that—

"The six years is measured backward from the date of the filing of the application for discharge, not from the hearing of the application by the court." Syllabus.

Collier (11th Ed., p. 398) and Remington (vol. 3, p. 757) are to the same effect. In choosing between the date of filing the application for discharge and the date of the actual hearing thereof as the time which ends the six-year period, I think In re Dunphy presents the sounder view and is the more likely to reflect the legislative intention.

A discharge does not necessarily follow the adjudication. Without a petition therefor, none will be granted. Only when such application is made is the judge directed to investigate and determine whether a discharge should be allowed, and a previous discharge within the six years, however brought to the judge's attention, works a denial of the pending application. By General Order 31 and Official Form No. 57 (89 Fed. xii, lvii, 32 C. C. A. xxxi, lxxxi) the applicant for a discharge, generally stated, is required to set forth that he has fully complied with all the requirements of the bankruptcy acts. This order and form were adopted and prescribed by the Supreme Court under section 30 of the Bankruptcy Act of 1898 (Comp. St. § 9614), before the passage of the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797), which later act inserted clause 5 in section 14b of said act.

"Complying with all the requirements of the bankruptcy acts," when asserted by an applicant for a discharge, since that amendment went into effect, may properly be construed to include a representation that he has not been granted a discharge within six years. Under such a representation the time of the expiration of the six-year period is necessarily confined to a date then definitely known, either the date of the application for the discharge, or an earlier one, say the filing of the petition in the pending bankruptcy proceedings. Such representation should not be held to relate to some future time incapable of being then fixed, and which for one reason or another might be carried beyond the six-year limit.

Applying for a discharge is a separate proceeding, depending solely upon the initiative of the bankrupt, and no good reason appears why the court's judgment thereon, no matter when rendered, should be based on conditions which did not exist when that particular proceeding was begun. Much might be said in favor of taking the date when the petition in bankruptcy is filed as the one from which the six-year period is to be reckoned backward; but, as the time of making the present application for discharge is within such period, it is not necessary to consider the earlier date, and that question may well be left open until an answer thereto becomes essential.

The exceptions are sustained, and the bankrupt's discharge is denied.