### In re SKINNER.

(District Court, N. D. Georgia. May 2, 1924.)

Bankruptcy ⬅️404(2)—Date between discharges determines whether required period has elapsed.

Under Bankruptcy Act, § 14b (Comp. St. § 9598), providing that under certain circumstances judge shall discharge applicant, unless he has been granted a discharge in voluntary proceedings within six years of a former discharge, date of second discharge, and not date of application for second discharge, determines whether six years have expired, in view of section 15 (Comp. St. § 9599).

In Bankruptcy. In the matter of George S. Skinner, bankrupt. On objection to discharge. Applicant discharged.

H. S. McCowen, of Atlanta, Ga., for objecting creditors.

Louis A. Burton, of Atlanta, Ga., for bankrupt.

SIBLEY, District Judge. This bankrupt filed a voluntary petition on November 14, 1916, applied for discharge March 5, 1917, and was granted it March 9, 1918. He filed the present voluntary petition January 21, 1924, applied for discharge February 28, 1924, lacking 10 days of 6 years from the granting of the former discharge. The matter came on for hearing on April 26, 1924. The objecting creditor contends that the application was filed within 6 years from the granting of the former discharge, that a discharge must be refused, and that no other application can now be filed. The bankrupt contends that, although his application was filed within 6 years of the former discharge, the 6 years have now elapsed, and the second discharge should be granted, or, if it cannot be, that the application should be dismissed without prejudice to filing another.

The revelant language of Bankruptcy Act, § 14b (Comp. St. § 9598), is:

"The judge shall * * * investigate the merits of the application and discharge the applicant unless he has * * * in voluntary proceedings been granted a discharge in bankruptcy within six years."

The general purpose is evidently to prevent a voluntary bankrupt from obtaining a discharge from his debts oftener than once in 6 years. Since the discharge is the real relief sought in a voluntary petition, and since the debts discharged are those owing at the date of filing of the petition, the 6 years might most logically have been measured from the the filing of one petition to the filing of the other. But the quoted language will not bear that construction. It is the granting of the former discharge that is expressly made the date from which the 6-year period begins to run, and in my opinion it is the date of the granting of the second discharge that is critical in determining whether the period has expired. The language of the act is:

"The judge shall discharge the applicant unless he has been granted a discharge within six years."

This naturally means 6 years from the date of one discharge to the date of the other. The application is not to be treated as an original pe-

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tition, beginning a suit under which the petitioner's case must stand or fall on the facts then existing. It is only the regular fruition of the bankruptcy case, in effect a motion that the discharge, to obtain which the case was begun, be now granted. The court examines into its merits as of the date of the examination, and grants, postpones, or refuses a discharge on the facts then appearing. The representation in the application that the bankrupt has fully complied with all the requirements of the Bankruptcy Act is a continuing one up to the time of the court's action thereon. If at the time of filing the application the bankrupt had a clear record, but before hearing should come into possession of property or money which he ought to have delivered to his trustee, but fraudulently concealed the same, or should refuse to answer a proper question, or make a false oath, without doubt the discharge should be refused.

Section 15 (Comp. St. § 9599), providing for revocation of discharges, makes it a condition of revocation that "the knowledge of the fraud has come to the petitioner since the granting of the discharge," not since the filing of the application therefor. Discharges are often for good cause postponed, instead of refused. In re Philips & Co. (D. C.) 224 Fed. 628, and cases cited. Surely a discharge would not be finally denied solely because applied for on February 28th, instead of March 10th; both days being within 12 months from the adjudication. It would serve no useful purpose to dismiss this application as premature, when delay has already ripened it. Notwithstanding the opinions expressed in Re Rubin (D. C.) 259 Fed. 607, and in Re Dunphy (D. C.) 206 Fed. 608, I think, on examining into the merits of the application as required by the statute, I should now discharge this applicant; his former discharge having been granted more than 6 years ago.