**In re ZISKIN.**

**ZISKIN v. APTAKER.**

No. 298.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

Samuel Y. Gitlin, of Brooklyn, N. Y., for appellant.

Emanuel Mehl, of Brooklyn, N. Y., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal presents the question from what time the six-year period must be measured back, in ascertaining when a bankrupt may have his discharge under section 14b of the Bankruptcy Act (11 USCA § 32(b). It reads:

"The judge shall hear the application for a discharge * * * and discharge the applicant unless he has * * * (5) in voluntary proceedings been granted a discharge in bankruptcy within six years." .

The bankrupt was granted a discharge November 2, 1923, on a voluntary petition. On a second voluntary petition, he was adjudicated a bankrupt July 23, 1928. On December 17, 1928, he applied for a discharge, stating in his application that he had not been discharged of his debts in bankruptcy within the six years, and on January 25, 1929, this application was opposed by a creditor, the appellee. The objection was based on the fact that he was previously a bankrupt and was discharged from his debts as such November 2, 1923, within six years from his present application for a discharge. The exceptions to the master's report were heard November 1, 1929, one day less than six years, there having been adjournments granted to the bankrupt on his several applications.

Different dates have been suggested from which the six years are to be measured back: (a) From the date of filing the application for a discharge in the second proceeding; (b) from the date of such hearing; and (c) from the time the court signs and enters the second order of discharge.

In Re Haase (D. C.) 155 F. 553, affirmed (C. C. A.) 164 F. 1022, the District Court considered an application for discharge in the bankrupt's second bankruptcy, and held that the time is measured backward from the time of the hearing on the application for the second discharge. The issue presented to the District Court there was whether six years started backward from the time of the filing of the second petition in bankruptcy, as claimed by the objecting creditor, or from the date when the second discharge was filed, as contended for by the bankrupt. On December 19, 1900, the bankrupt in a voluntary petition received his first discharge. On January 25, 1906, he was again adjudicated a bankrupt, and on December 21, 1906, made an application for his discharge in the second proceeding. This was two days after the expiration of the six years since granting the first discharge. The application was opposed on the ground that six years had not elapsed between his first discharge and the filing of the second petition in bankruptcy. The time of hearing there referred to was the return day set by the clerk when the specification of objections and the exceptions thereto were before the court for consideration. The court considered the time of hearing to be the determining factor and the point of time from which the six years was to be measured back. The time of such hearing takes place before the matter is referred to a referee who hears the testimony and investigates the facts contained in the specification of objection, and this necessarily is before the matter comes up for confirmation. At bar, upon the filing, on December 17, 1928, of the bankrupt's petition for discharge, the order issued provided "that a hearing be had upon the same

on the 25th day of January, A. D. 1928, before the said court," and on that day the matter came on for hearing before the court. January 25, 1928, then became the time of the hearing by the court.

If the courts were to accept, in construing the statute, the time the court is about to sign and enter the order, the practice would become very unsettled. A bankrupt might make his application for a discharge within the six years and then, with or without good reason, delay in obtaining a judge's signature or the entry of the order until after the six years have expired. The better rule, we think, is that announced in Re Dunphy (D. C. Me.) 206 F. 680, and in Re Rubin (D. C. N. J.) 259 F. 607, where it was held that an application for a discharge will be denied when the application for discharge is made within six years after the previous discharge on a voluntary petition notwithstanding that the hearing on the application was not had until after the expiration of the six-year period counting backward. The six-year period is measured back from the filing of the application and not from the hearing. The bankrupt, if he filed his application within the six years, might delay the final hearing on the second application and overcome the bar of the statute for his discharge by postponing the hearing until the six years had expired. The findings of the courts ordinarily reverted to the conditions as they existed at the time of instituting the particular application in controversy.

In Re Jordan (D. C.) 142 F. 292, and in the Matter of Skinner (D. C.) 298 F. 606, the District Courts of Georgia and Pennsylvania held the date to be measured back from the date of granting the second discharge; that is, from the date of one discharge to the date of the other discharge. But, for the reasons we have pointed out, such rule should not be the guide. In Re Little (C. C. A.) 137 F. 521, 522, the court held, in considering a case where the bankrupt had previously filed a voluntary petition and been discharged, that the limitation referred to in section 14b (11 USCA § 32(b) as the six-year period between the first and second discharge was immaterial to the right of a person to be adjudged an involuntary bankrupt. It is true that the court did say, "The expression 'within six years,' as we think, measures the time between the first and second discharge, and not between the first discharge and the filing of the second petition in bankruptcy." But this was said obiter, and was not necessary to the decision of the question there presented.

As we construe the reference in the statute to the time of hearing, it is the time when the petition for discharge is filed. Otherwise many evils would crop up and destroy the purpose intended by the statute. Delays in the day of decision by the court or the date of hearing should not be conclusive either as to the bankrupt's rights or that of the creditors. His status in the controversy is fixed when he files his application, and the rights of the parties should be judged from conditions as they exist then.

Decree affirmed.