W. O. Slate and W. T. McCollister, Jr., both of Atlanta, Ga., for objecting creditors.

Ezra E. Phillips, of Atlanta, Ga., for bankrupt.

**In re PERRY.**

No. 15246.

District Court, N. D. Georgia, Atlanta Division.

June 3, 1931.

UNDERWOOD, District Judge.

On September 20, 1924, the bankrupt in this case filed a voluntary petition in bankruptcy, and was duly discharged December 13, 1924.

Subsequently, on March 8, 1928, within six years after his discharge in the first proceeding, he filed a second voluntary petition in bankruptcy.

The record in the second case consisted only of the petition and schedules in bankruptcy; order of adjudication; return of the referee recommending that petition be dismissed for want of prosecution, no application for discharge having been filed; notice, mailed to creditors, bankrupt, and bankrupt's attorney of recommendation for dismissal and of hearing on same; and the order of the District Judge "that the voluntary petition and schedules in bankruptcy, as filed by the above named bankrupt, be and the same are hereby dismissed, and the clerk ordered to so enter of record."

On January 15, 1930, a third voluntary petition was filed, which is the proceeding at bar.

In this case, the third proceeding, the bankrupt duly made application for discharge, and objections were filed thereto. These objections are based on the ground that the debts of the three objecting creditors were scheduled in the second proceeding, and that therefore no order in this proceeding discharging the bankrupt as to them would be proper.

If the proceedings in the second case had not been dismissed and the bankrupt had

been denied a discharge, or had failed to apply for a discharge, then the grounds set out by the objecting creditors would be good, and no discharge could be granted in this case as to their debts. In re Bacon (C. C. A. 5th) 193 F. 34.

It appearing from the above, however, that the second case was dismissed, and that such dismissal carried the entire proceeding out of court, with the same effect as if same had not been filed, such dismissed proceedings could not constitute res adjudicata as to the debts scheduled therein, especially in view of the fact that, not only were all the proceedings dismissed, but that there were never any proceedings filed by the creditors in the nature of proofs of claims or otherwise.

This being true, and the application for discharge in this case having been filed more than six years after the order discharging the bankrupt was entered in the first proceeding, the objections to the discharge of the bankrupt filed by the creditors in this case are not good and are not sustained. In Re Skinner (D. C.) 298 F. 606. The recommendation of the referee that the bankrupt, upon the payment of costs and expenses due the clerk and referee, be discharged, is approved, and, the bankrupt having complied with all legal requirements, it is so ordered.