## GILBERT v. SHOUSE.*
### No. 6687.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1932.

M. Felton Hatcher and John J. McCreary, both of Macon, Ga., for appellant.

*Rehearing denied December 3, 1932.

Edward F. Goodrum, of Macon, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee was adjudicated bankrupt on June 29, 1925, and was discharged in that proceeding on October 16, 1925. He filed a second petition in bankruptcy on December 5, 1930, and was adjudged bankrupt the same day. He filed his second petition for discharge on November 16, 1931. Appellant, a creditor, objected to his discharge on the sole ground that he had been previously granted a discharge within six years. After a hearing, the objection was overruled, and appellee was again discharged on May 31, 1932. From that ruling this appeal is prosecuted.

Appellant contends that the application for a discharge and the subsequent judgment should relate back to the day the petition for adjudication was filed and be construed as of that date, which was less than six years after the first discharge.

Under the provisions of the Bankruptcy Act, § 14a (11 USCA § 32(a), a person adjudged bankrupt may apply for his discharge after one month and within twelve months following the adjudication, or, if unavoidably prevented from filing his petition within that period, may do so within the next ensuing six months by leave of court. Under the provisions of the same section, section 14b (5), as amended by the Act of May 27, 1926 (11 USCA § 32(b) (5), a discharge must be denied if the bankrupt "has been granted a discharge in bankruptcy within six years." This clause was not in the act of 1898 when originally adopted. It was inserted by the amendment of February 5, 1903, to prevent what were considered abuses of the act by too frequent applications for discharge. The 1903 amendment applied only to previous discharges in voluntary proceedings. The amendment of May 27, 1926, made the clause applicable to all previous discharges.

The purpose of the Bankruptcy Act is twofold, i. e., to permit an honest debtor to start afresh, relieved from his burden of indebtedness, and to distribute his assets equitably among his creditors. The act must be reasonably construed to effect both objects. Williams v. U. S. Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713.

One object is obtained with the adjudication, as the administration of the bankrupt's estate goes on regardless of whether he is subsequently discharged. But in many cases a person getting into serious financial difficulties within something less than six years from a previous discharge would have little interest in surrendering his assets for administration, if by doing so he would bar his subsequent discharge, and the due administration of his estate would be seriously impeded.

Under the plain provision of the statute, the period of six years must be measured from the date of the first discharge to the effective date of the second. The clause makes no distinction between the honest and the dishonest debtor. Discharge does not automatically follow adjudication. It must be applied for and may be denied if the bankrupt has violated any of various provisions of the act. It is, therefore, a separate proceeding. The bankrupt is certainly entitled to the delay granted by the act for filing his application. Conceding that, under a well-settled rule, the discharge when granted should relate back to the date of filing the application, it would be unreasonable to hold that it must relate back to the date of filing the petition for adjudication. In re Ziskin (C. C. A.) 40 F.(2d) 429; Remington on Bankruptcy, § 3348; Collier on Bankruptcy (13th Ed.) vol. 1, p. 567.

The record presents no reversible error.

Affirmed.