## In re FEINBLATT.

No. 62029.

District Court, S. D. New York.
April 9, 1936.

PATTERSON, District Judge.

The case raises a narrow point in the law of bankruptcy. The act, as amended May 27, 1926, § 6, provides by section 14 that the bankrupt may be discharged "unless he * * * (5) * * * has been

770

granted a discharge in bankruptcy within six years." 11 U.S.C.A. § 32. The bankrupt's memorandum here shows that in a prior proceeding he was granted discharge on August 12, 1931; that the present proceeding was commenced and adjudication entered on April 8, 1935; and that this petition for discharge was made on February 29, 1936. On the return day, April 8, 1936, the bankrupt asked that the hearing be continued until August, 1937, so that discharge would not be granted until more than six years after the date of the first discharge.

There was formerly a contrariety of opinion on the computation of the six-year period. The rule for this circuit was settled in 1930 by In re Ziskin, 40 F.(2d) 429 (C.C.A.2). The court, after commenting on the conflicting decisions, held that the six-year period was to be measured back from the filing of the application for discharge, not from the hearing on the application nor from the granting of the application. This seems to be the accepted view to-day. Gilbert v. Shouse, 61 F.(2d) 398 (C.C.A.5); Remington on Bankruptcy, § 3348. Here the application for discharge was filed on February 29, 1936. Running back six years from that date, we find a prior discharge granted four and one-half years earlier. It follows that discharge must be denied, and an order to that effect will be entered.

If the bankrupt's theory were correct and the matter of discharge continued for another period of one and one-half years, the statute prohibiting successive discharges within a six-year term had better be repealed.