### In re WEINSTOCK.

### No. 27641.

District Court, E. D. New York.

Aug. 26, 1936.

Aaron Greenspan, of Jamaica, N. Y., for petitioner.

Jaffe & Zager, of Jamaica, N. Y. (Herman G. Robbins, of Brooklyn, of counsel), for bankrupt.

CAMPBELL, District Judge.

This is a motion brought on by an order to show cause why an order should not be made vacating and setting aside the discharge of the bankrupt and permitting Samuel Rapoport, a creditor, to file specifications.

The bankrupt was in a prior proceeding granted a discharge on June 4, 1930.

On February 19, 1935 the bankrupt filed a voluntary petition in bankruptcy.

Samuel Rapoport was one of the creditors scheduled.

A first meeting was held by the Referee on notice to creditors at his office on March 7, 1935.

There were no assets in the bankrupt's estate.

On February 18, 1936, there was filed by the bankrupt a petition for discharge.

On June 17, 1936 copies of the petition for discharge and order of June 8, 1936 thereon with notice of hearing thereon, on July 24, 1936, was, as appears by the certificate of the Clerk of this Court, sent to all creditors and on June 11, 1936, notice

of such hearing was published in Queens Evening News.

On July 24, 1936, the matter was regularly called and no one appeared in opposition whereupon the discharge of the bankrupt was granted.

This motion appears to be based on three alleged grounds:

(1) That the creditor did not have notice of the application for discharge.

(2) That the bankrupt had been discharged in a prior proceeding within six years prior to the filing of the application for discharge in this proceeding.

(3) That the discharge was obtained through the fraud of the bankrupt, without alleging the nature of the fraud.

As to the first ground the proof of publication and the certificate of the Clerk is evidence of giving of notice, which has not been overcome by any evidence offered by the moving party.

The moving party knew of the pendency of the bankruptcy proceedings as is evidenced by the motions made in the Municipal Court, and with reference to a stay in this Court, and could readily have ascertained if there was any error in his address.

The petition for discharge in this proceeding was filed within six years after the discharge in the prior proceeding, but the hearing on the application for discharge was not had until more than six years after the discharge in the prior proceeding.

Section 14, sub. b of the Bankruptcy Act, 44 Stat. 663, Title 11, § 32, sub. b, U.S.C.A., in so far as it is necessary for consideration in the instant case provides as follows:

"Section 14. Discharges; when granted. * * *.

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or other parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has * * * (5) [has] been granted a discharge in bankruptcy within six years * * *."

There are cases in which the six years is measured backwards from the time of the hearing, and not from the time of filing the application for discharge. In re Haase, D.C., 155 F. 553; In re Jordan, D.C., 142 F. 292.

Some cases hold that the six year period should be measured from the date of the actual granting of the discharge and not from the date of hearing. Matter of Skinner, D.C., 298 F. 606; In re Little, 7 Cir., 137 F. 521; Gilbert v. Shouse, 5 Cir., 61 F. 2d 398.

The Circuit Court of Appeals of this Circuit however in the case of In re Ziskin, 2 Cir., 40 F.2d 429, at page 430 said: "As we construe the reference in the statute to the time of hearing, it is the time when the petition for discharge is filed. Otherwise many evils would crop up and destroy the purpose intended by the statute. Delays in the day of decision by the court or the date of hearing should not be conclusive either as to the bankrupt's rights or that of the creditors. His status in the controversy is fixed when he files his application, and the rights of the parties should be judged from conditions as they exist then."

This authority is binding on this Court. On the day noticed for hearing objections to the bankrupt's discharge no one appeared in opposition and no specifications of objection were filed.

The bankrupt was entitled to be informed of the grounds on which objection was made to his discharge, and, no creditor having filed specifications of objections, the Court should not have refused a discharge on its own motion, but did what it was required to do when it granted the discharge. In re Whitney, D.C., 250 F. 1005; In re Miller, D.C., 39 F.2d 919.

Section 15 of the Bankruptcy Act, Title 11, § 33, U.S.C.A., provides: "Sec. 15. Discharges; when revoked. The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petition-

ers since the granting of the discharge, and that the actual facts did not warrant the discharge."

No fraud was shown and there was no false statement in the petition for discharge. The allegation "that the petitioner has not been granted a discharge in bankruptcy within six years" contained in the printed form of petition having been stricken out.

The motion is denied.