**In re HUEBNER.**

No. 12728.

District Court, W. D. Missouri, W. D.

Jan. 6, 1937.

L. V. Copley, of Kansas City, Mo., for petitioner.

OTIS, District Judge.

We have reached the conclusion that the exceptions to the special master's report should be overruled, that his recommendation should be adopted, and that the bankrupt should be denied a discharge in bankruptcy.

A single question is presented by the exceptions to the master's report. In an earlier proceeding this bankrupt had been discharged in bankruptcy. The date of that discharge was September 2, 1930. In the present proceeding, which was instituted November 27, 1934, the bankrupt filed an application for discharge in bankruptcy on May 27, 1936. Creditors objected to his application, one of the grounds of objection being that he had been discharged in bankruptcy within six years. The objections were referred to the referee as special master, who, on September 10, 1936, more than six years after the earlier discharge in bankruptcy, recommended that the discharge be denied. The question presented is whether the six-year limitation is to be measured back from the time of the application for a second discharge or from the date on which that application is acted on by the judge. The master adopted and followed the former of these two theories.

The language of the statute (11 U.S. C.A. § 32 (a, b) is this:

"§ 32. (a) Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy. * * *

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant unless he has * * * (5) has been granted a discharge in bankruptcy within six years."

In resolving the question as to which of the two theories is the right one, we are not aided by any controlling decision either of the Supreme Court or of the Court of Appeals for the Eighth Circuit. Opinions may be cited from other courts supporting either theory. We have reached the conclusion, however, that the theory adopted by the master is the right one. The discussion of the subject by the District Court for the District of Maine in the case of In re Dunphy, 206 F. 680, more satisfactorily presents our views than any other of the opinions we have read. We make reference, however, to a very late decision by one of the Courts of Appeals, Gilbert v. Shouse (C. C.A.5) 61 F.(2d) 398, 399. It was said by the court in that case (although it was dictum) that, "under a well-settled rule, the discharge when granted should relate back to the date of filing the application."

In the absence of any controlling decision, we are required to consider the language of the statute that we may arrive at the intent of Congress. It will be noted at once that it is the "application for a discharge and such proofs and pleas as may be made in opposition thereto" that is to be passed upon by the judge. The discharge is to be granted if the applicant is entitled thereto by the "merits of the application." These extracts from the context clearly indicate that Congress had in mind that the judgment of discharge or denial of discharge was to be based upon a decision of the issues made by the application and plea, if any, in opposition to the application. Nothing in the statute indicates that this judgment, unlike judgments generally, was not to relate back, when entered, to the date of filing of the pleading on which the judgment is based. So the general rule requires, as was said by the Fifth Circuit Court of Appeals in Gilbert v. Shouse, supra. In other words, the statute is to be interpreted as if it read:

The judge shall hear the *application for a discharge* * * * and discharge the applicant unless he has * * * (5) in voluntary proceedings been granted a discharge in bankruptcy within six years *of his application.*

The application for discharge is denied. It is so ordered. An exception is allowed to the bankrupt.