## CHOPNICK v. TOKATYAN.
### No. 271.

Circuit Court of Appeals, Second Circuit.

May 25, 1942.

Louis L. Garrell, of New York City (H. I. Bucher, of New York City, of counsel), for appellant.

Louis P. Randell, of New York City, for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The order on appeal was entered in the bankruptcy of Armand Tokatyan, who was adjudicated upon his voluntary petition filed on October 8, 1941. On the following day he obtained an ex parte order restraining the appellant, a creditor, from prosecuting two actions pending against the bankrupt in a state court. The appellant promptly moved to vacate such stay. The propriety of denial of the motion is the question presented by his appeal.

This is the third bankruptcy proceeding instituted by Mr. Tokatyan within the last eight years. The first resulted in his obtaining a discharge from his debts on February, 20, 1935. His second adjudication was upon a petition filed November 12, 1940; in this proceeding the referee, in June 1941, denied him a discharge on the ground that he had obtained a previous discharge within six years. See 11 U.S.C.A. § 32, sub. c(5) ; In re Ziskin, 2 Cir., 40 F. 2d 429. The referee's order was confirmed by the district judge in August. When the bankrupt's second petition was filed, the appellant's actions to recover fees for legal services had already been started in the City Court and the bankrupt forthwith obtained a stay thereof, which remained in effect until final denial of the application for discharge on August 12, 1941. Motions for summary judgment in said actions were thereafter adjourned until October 10, 1941, because of the bankrupt's absence from the country. Promptly upon his re-

turn to New York his third bankruptcy petition was filed and the stay now under review was obtained.

■ It seems almost too clear for discussion that the appellant's motion to vacate the stay should have been granted. Section 11, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. a, after authorizing a stay of pending suits upon claims from which a discharge would be a release provides "that such stay shall be vacated by the court if, within six years prior to the date of the filing of the petition in bankruptcy, such person has been adjudicated a bankrupt, * * *" Denial of the motion seems to be flat in the teeth of this provision. See 1 Collier on Bankruptcy, 14th Ed., pages 1155, 1156. The district judge thought it inapplicable because "the denial of the discharge in the second proceeding on the ground of a previous discharge within six years rendered the whole second proceeding a nullity, including the adjudication." We know of no statutory provision or legal principle which annuls an adjudication because a discharge is denied, whatever the ground for denial. There is a distinction between denial of a discharge and dismissal of the bankruptcy petition for want of prosecution. See In re Perry, D.C.N.D.Ga., 50 F.2d 464. The adjudication on the petition of November 12, 1940, was never annulled, and the above quoted provision of section 11, sub. a, required vacation of the stay.

■ Even without that provision we believe that the principle of res judicata should lead to the same conclusion. Denial of a discharge from provable debts, or failure to apply for it within the statutory period, bars an application in a subsequent bankruptcy proceeding for discharge from the same debts. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; In re Schwartz, 2 Cir., 89 F.2d 172; In re Summer, 2 Cir., 107 F.2d 396; Perlman v. 322 West Seventy-second Street Co., 2 Cir., April 11, 1942, 127 F.2d 716. We think this equally true whether denial of the discharge was because of a previous discharge within six years, as in the case at bar, or on some other ground specified in section 14. In re McCausland, D.C. S.D.Cal., 9 F. Supp. 129, appeal dismissed McCausland v. International Shoe Co., 9 Cir., 79 F.2d 1001. Prudential Loan & Finance Co. v. Robarts, 5 Cir., 52 F.2d 918, is to the contrary and Prof. Moore thinks it preferable to the McCausland decision. 1 Collier on

Bankruptcy, 14th Ed., page 1371. Cf. 45 Harv.L.Rev. 1110. We respectfully disagree and believe that the appellant's claim was not dischargeable in the third bankruptcy; consequently it was wrong to stay prosecution of it in the state court. In re McCausland, supra. But whatever the correct rule may have been prior to amendment of section 11, sub. a, by enactment of the provision already quoted, the amendment makes clear that adjudication in the bankrupt's 1940 proceeding precluded the stay granted on his 1941 petition.

The order is reversed and the mandate of this court will be issued forthwith.