### In re SEDAM.
### No. 5452.

District Court, D. Idaho, E. D.

April 6, 1943.

Milton E. Zener and Ben Peterson, both of Pocatello, Idaho, for bankrupt.

Carl C. Christensen, of Pocatello, Idaho, for objecting creditor.

CLARK, District Judge.

This matter is before the court on petition of the bankrupt for review of referee's order denying bankrupt's petition for discharge.

Counsel for the bankrupt and counsel for the objecting creditor agree that there is but one question involved, that is, has the statutory period of six years elapsed, as provided for in Section 32(c), Title 11 U.S.C.A.?

The record, together with stipulation of facts are before the court, and the matter was argued at length by both counsel. Certain cases were cited by counsel for the petitioner. However, these cases were decided before the amendment to the Bankruptcy Act, and, as to the computation of the six year period, are not applicable here.

Section 32(a), Title 11 U.S.C.A., provides: "The adjudication of any person, except a corporation, shall operate as an application for discharge * * *."

Section 32(c), Title 11 U.S.C.A. provides: "The court shall grant the discharge unless satisfied that the bankrupt has * * * within six years prior to bankruptcy been granted a discharge * * *."

▮ Subdivision (a) of the above-mentioned section clearly does away with the necessity of filing an application or petition for discharge. Equally clear is subdivision (c) stating that discharge shall be granted, "unless * * * the bankrupt * * * has * * * within six years * * * been granted a discharge."

The record shows that in case No. 4727 in this court, the petitioner herein filed his

petition for discharge on October 29, 1935; that the order of discharge was signed June 24, 1937; that petitioner was adjudicated a bankrupt in the instant matter on May 12, 1942; that certain objections to his discharge were filed September 19, 1942.

■ It will be noted that there is considerable lapse of time between the date of the filing of petition for discharge and the order of discharge in case No. 4727, but that is not a matter this court is concerned with at the present time, and we must bear in mind the wording of the statute, "The court shall grant the discharge unless satisfied that the bankrupt has * * * within six years prior to bankruptcy been granted a discharge."

Clearly, this does not mean six years from the filing of a petition for discharge.

■ Caution should have been exercised, at the time of filing petition to be adjudicated a bankrupt in the instant matter, to see that the time provided by statute had elapsed. In the case of Dixwell v. Scott & Co., Limited, 115 F.2d 873, 874, the court said: "A discharge in bankruptcy is a privilege which a bankrupt is not entitled to unless he deserves it."

It is quite apparent that the six year period had not elapsed in this matter. Therefore, the order of the referee will be sustained, and an order of this court will be filed so directing.