## SEDAM v. IDAHO STATE MERCHANT'S PROTECTIVE ASS'N.

### No. 10463.

Circuit Court of Appeals, Ninth Circuit.

Oct. 20, 1943.

Milton E. Zener and Ben Peterson, both of Pocatello, Idaho, for appellant.

Carl C. Christensen, of Pocatello, Idaho, for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from the District Court of the United States for the District of Idaho, Eastern Division.

The question for decision is: Whether under the record and stipulation of facts as here presented, it must be determined as a matter of law, that the bankrupt and appellant had received a discharge in bankruptcy within six years of the filing of his second petition in bankruptcy and therefore is not entitled to a discharge in this second proceeding.

The stipulation of facts shows that the first bankruptcy petition in case No. 4727 was filed by appellant on January 11, 1935. On October 30, 1935, due and legal notice as required by law was mailed to all known creditors of the said bankrupt fixing Monday, the 2d day of December, 1935, at 10 o'clock a. m. before the referee in Pocatello, Idaho, as the time and the place for hearing upon the bankruptcy petition for discharge; that notice of said hearing was duly published as required by law, and said bankrupt with his attorney appeared at the time and place designated for said hearing; that no other persons appeared and no objections to said petition of the bankrupt for discharge were filed; that at the time of said hearing all costs and fees had been paid by the bankrupt.

On the 24th day of January, 1937, an order of discharge of bankrupt was made and entered by Charles C. Cavanah, District Judge, in the matter of Thomas J. Sedam in said case No. 4727; that Thomas J. Sedam, Bankrupt in case No. 4727, is one and the same person as Thomas Jefferson Sedam, Bankrupt in the present proceeding which is case No. 5452 of the said District Court, 49 F.Supp. 906.

These present proceedings in bankruptcy were instituted by the appellant and bankrupt by filing a petition in bankruptcy on the 12th day of May, 1942. On August 10, 1942 due and proper notice to creditors was given of hearing on bankrupt's petition for discharge on the 19th day of September, 1942. On said day an objection to the discharge of the bankrupt was filed by the Idaho State Merchant's Protective Association, a creditor, specify-

ing as grounds for objection to said discharge, "That the Bankrupt has, within six years prior to bankruptcy, been granted a discharge." The referee in bankruptcy heard the matter in question and held that in this second proceeding in bankruptcy the petition was filed on May 12, 1942; that the discharge of the appellant in the former bankruptcy was made and entered on January 24, 1937, and that six years had not elapsed between the date of the said discharge and the filing of the second petition therefor, and the application for the discharge in this, the second case, was denied.

Upon petition to review the referee's order the District Court affirmed the referee and entered its order to that effect, from which this appeal is taken.

It is appellant's contention that the discharge of the bankrupt and appellant in the first proceedings in bankruptcy, as a matter of law, occurred on the 2d day of December, 1935, that being the time of the hearing before the referee of the petition of the bankrupt for discharge in that proceeding, rather than January 24, 1937, the date the order of discharge was signed and entered by the District Judge. If appellant's contention is correct in that respect, it disposes of all questions in this case as more than six years had elapsed between December 2, 1935 and the filing of the present bankruptcy proceeding on May 12, 1942 and the District Court committed error in the order from which this appeal is taken.

If, however, the date of the discharge of appellant here, also the bankrupt in the first proceeding, is taken as January 24, 1937, the date it was actually made and entered by the court, it is conceded by the appellant that six years had not elapsed between that date and the filing of the present proceeding in bankruptcy and the order of the District Court should be sustained.

Appellant contends that there was a lapse of time of more than a year between the hearing on the petition for discharge before the referee and the order of discharge made and entered by the court, and it is pointed out by the appellant that as a matter of law, the order of discharge relates back to the date of the hearing before the referee, particularly, as no objections were made to the discharge by any person interested, and that as a matter of right the bankrupt was entitled to his discharge in that proceeding, upon the conclusion of the hearing on his petition for discharge on December 2, 1935.

As furnishing some support for this position appellant cites the case of Gilbert v. Shouse, 5 Cir., 61 F.2d 398, 399. It is conceded that the precise question here involved was not before the court in the above case, but it is contended that the following language used by the court is in point here, to wit: "Conceding that, under a well-settled rule, the discharge when granted should relate back to the date of filing the application, it would be unreasonable to hold that it must relate back to the date of filing the petition for adjudication."

This language is claimed to be clear authority for the proposition that when a discharge is granted, no matter what the date of the actual order of discharge may be, the effective date of the discharge relates back to the date of the application for the discharge.

It should be noted that in the case cited the appellant there was maintaining that the application for a discharge and the subsequent judgment should relate back to the day the petition for adjudication was filed and be construed as of that date, which was less than six years after the first discharge. The court did not follow this reasoning but held that "Under the plain provisions of the statute, the period of six years must be measured from the date of the first discharge to the effective date of the second * * *. Discharge does not automatically follow adjudication."

The Bankruptcy Act, Section 32, sub. c, Title 11 U.S.C.A., provides: "The court shall grant the discharge unless satisfied that the bankrupt * * * (5) has within six years prior to the bankruptcy been granted a discharge * * *."

There is no dispute that the order of discharge in the first bankruptcy proceeding was made and entered on January 24, 1937, admittedly within the six year period. The record does not show what was the reason for the delay between the hearing before the referee on the bankrupt's petition for discharge in the first proceeding and the time the District Judge made and entered his order of discharge. Any action taken by the referee or any finding or recommendation made by him was not binding, merely advisory.

"The report of the referee as to the facts and his conclusions of law is advisory

448

merely, and it is the duty of the court to exercise an independent judgment on the question of discharge." In re Neider-heiser, 8 Cir., 45 F.2d 489, 490, 73 A.L.R. 1152.

"The matter of discharges is by the act a duty laid on the judge holding the District Court, and commissioners or masters are merely his advisory assistants". In re Hughes, 2 Cir., 262 F. 500, 501.

The record presents no reversible error.

Affirmed.