**In the Matter of Charles S. MASTERSON, f.d.b.a. Prune–Rite Mfg. Co., Bankrupt.**

**No. 69749.**

United States District Court
N. D. California, S. D.

Oct. 4, 1963.

Robertson, Alexander & Luther, Menlo Park, Cal., for bankrupt.

BURKE, District Judge.

The bankrupt in this case has petitioned for a review of an Order of Dis-charge made by the Referee in Bankruptcy.

On May 25, 1956 Charles S. Masterson filed a voluntary petition in bankruptcy and was discharged on January 17, 1957. On March 2, 1962 he filed a second petition which was denied October 26, 1962 on the ground that the petition had been fild within six years of the first petition. Section 14, sub. c(5) of the Bankruptcy Act.

On October 18, 1962 Charles S. Masterson filed his third petition listing substantially all of the debts which had been listed in his second petition. On May 16, 1963 he was discharged from all debts listed in his third petition except those which had been included in the second petition. It appears that premature filing of the second petition was inadvertent error on the part of bankrupt's counsel and resulted in no unusual prejudice to creditors included therein. The Referee concluded that denial of the discharge in the second proceeding was *res judicata* as to the right in the bankrupt to a discharge for the debts therein scheduled. This court holds that a denial of discharge in bankruptcy on the sole ground that the bankrupt had procured a discharge within six years does not bar discharge applied for in another proceeding after the expiration of six years.

This court is well aware that there is a conflict of authority as to application of the doctrine of *res judicata* to the present fact situation. In re McCausland (D.C. S.D.1934), 9 F.Supp. 129, appeal dism. in McCausland v. International Shoe Co. (9 Cir. 1935), 79 F.2d 1001, held that a refusal of a discharge in a second proceeding because six years had not passed barred a discharge as to those debts listed on the second petition in a third proceeding. See also Chopnick v. Tokatyan (2 Cir. 1942), 128 F.2d 521, cert. den. 317 U.S. 667, 63 S.Ct. 72, 87 L.Ed. 536 (1942).

However, Prudential Loan & Finance Co. v. Robarts (5 Cir. 1931) 52 F.2d 918, held to the contrary. The court in Robarts, supra, at p. 919 stated that the "refusal of a discharge because of a prior

discharge within six years stands on a different footing from a refusal on any other ground set forth in Title 11, U.S.C., § 32(b), 11 USCA § 32(b). The other grounds all involve reprehensible conduct of the bankrupt which Congress intended to punish by a perpetual refusal to discharge him from the claims of his then creditors. The purpose in adding the ground relating to a prior discharge within six years was not to punish, but only to postpone a second discharge for that period of time." See 1 Collier on Bankruptcy 14th Ed., page 1422.

It would seem that Robarts, supra, represents the more logical view that in a third proceeding commenced six years after a prior discharge the bankrupt can be discharged from debts scheduled in a second proceeding where discharge was denied on the sole ground that six years had not elapsed since a prior discharge.

Accordingly, it is ordered that the Referee's ruling be, and hereby is reversed and the matter is remanded for action consistent with the views expressed herein.