**In the Matter of the ESTATE of Melvin Jack TURNER, Bankrupt.**

No. B 66–4505.

United States District Court
D. Oregon.
June 7, 1967.

---

Julia L. Boston, Portland, Or., Trustee in Bankruptcy.

Donald D. McKown, Hillsboro, Or., for petitioner.

Kenneth A. Holmes, Salem, Or., for Valley Credit Service, Inc.

## OPINION ON PETITION FOR REVIEW

BELLONI, District Judge.

Melvin Jack Turner, bankrupt, seeks to review an order of a referee in bankruptcy denying a discharge of certain debts.

Bankrupt filed his voluntary petition and received a discharge in 1958. In 1963 he filed a second petition, but was denied a discharge because it was filed within six years of the previous petition. This is his third petition. The referee denied a discharge of those debts which had been listed in the second petition on the ground that the denial of a discharge in 1963 was res judicata.

The referee followed Chopnick v. Tokatyan, 128 F.2d 521 (2nd Cir. 1942). Bankrupt urges the adoption of the contrary rule in In re Masterson, 240 F. Supp. 543 (N.D.Cal.1953).

I believe that the *Chopnick* case represents the desirable rule. I adopt the reasoning of the Honorable Folger Johnson, the able and experienced referee, who, in his order denying the bankrupt's discharge from the debts previously listed stated:

"This Court must respectfully disagree with the holdings in the Masterson case. Bankrupt in filing his bankruptcy petition is, in most cases, attempting to obtain immediate relief from pressure exerted by creditors. The filing of such bankruptcy petition obtains this relief for him and stops further garnishments upon his wages. It is his responsibility to know the date he last filed his earlier bankruptcy proceedings and, by asking for the immediate benefits to be obtained by this later filing, he must also accept the detriments that may accompany it. When bankrupt discovered he had filed before the end of the six year period, he could have petitioned the Court for a dismissal of his bankruptcy without prejudice, but this he failed to do. The Court, after hearing upon due notice to all creditors, has customarily granted such petition and set aside the adjudication without prejudice to later filings, if no creditors appear at the hearing to object to such dismissal. Experience of the Court has shown that creditors rarely do object to the withdrawal of the bankruptcy. Bankrupt, therefore, was not without a remedy to protect himself but failed to use it.

"If the Courts here hold that the denial of a discharge on the grounds of a previous bankruptcy within six years is merely of temporary effect and no longer binds the bankrupt once the six year period has expired, many debtors would take advantage of this when they were being sorely pressed by creditors during the sixth year and would file prematurely to stop garnishments. Before the discharge was denied, the six year period might have terminated and bankrupt could promptly turn around and file another bankruptcy. This would defeat the intent of Congress in specifying that a bankrupt must wait six years before receiving further relief in another bankruptcy proceeding. * * *" Referee Johnson's Order denying discharge, dated March 6, 1967, pp. 6, 7.

The referee's order is affirmed.