## In re ELKIND et al.

(Circuit Court of Appeals, Second Circuit.   November 9, 1909.)

### No. 2.

1. BANKRUPTCY (§ 407*) — NOTICE TO CREDITORS — PUBLICATION — ERRORS — NAMES.

   In bankruptcy proceedings by Max Elkind and Boris Schwartz, the advertisement of notice of the first meeting of creditors described them as "Max Elkurd and Boris Schwartz." *Held,* that such error was not ground for denial of a discharge.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

2. JUDGMENT (§ 658*)—DECISION—ABSENCE OF ORDER—RES JUDICATA.

   Where no order was ever entered on the memorandum of a District Judge denying a bankrupt's discharge in prior proceedings, the decision was not res judicata.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1169; Dec. Dig. § 658.*]

3. BANKRUPTCY (§ 455*)—DENIAL OF DISCHARGE—ORDER—ENTRY—APPEAL.

   Where petitioners were adjudicated bankrupts September 9, 1904, and applied for their discharge June 7th following, which application was dismissed for a technical error September 13, 1905, but no order was entered on the judge's memorandum, and new proceedings were instituted, in which the former denial was pleaded as res judicata, the bankrupts were still entitled to have an order entered on the prior decision and appeal therefrom, as provided by Bankr. Act July 1, 1898, c. 541, § 25, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. § 455.*

   Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Max Elkind and another, bankrupts. From an order denying the bankrupts' application for a discharge, they appeal. Appeal retained for further proceedings.

Henry Kuntz (Marshall S. Hagar, of counsel), for appellants.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge.   This is an appeal from an order of the District Court denying the petitioners a discharge in bankruptcy. May 13, 1907, certain of their creditors objected to their discharge on the ground that they had been adjudicated bankrupts in an involuntary proceeding involving the same indebtedness, in 1904, and had been denied a discharge, making the subject res adjudicata. The District Judge, stating that the objecting creditors were no longer parties in interest, said in his memorandum, among other things:

"It cannot be doubted that the failure to apply timely for a discharge in the earlier proceeding rendered the question of the right of the bankrupts to a discharge from their debts then scheduled res adjudicata.   Kuntz v. Young, 12 Am. Bankr. Rep. 505, 131 Fed. 719, 65 C. C. A. 477;  In re Weintraub (D. C.) 13 Am. Bankr. Rep. 711, 133 Fed. 1000.   Whatever may be the effect of circumstances such as these upon the debts incurred after the filing of the first

petition and duly scheduled in the second proceeding, there can be no doubt that these bankrupts are not entitled to, and the court has no power to grant them, a discharge from the debts their liability under which became fixed by their own failure to apply for or procure a discharge in the first bankruptcy matter, and this present petition is accordingly denied upon the court's own motion."

The record shows that a petition in involuntary bankruptcy was filed against these same petitioners, Max Elkind and Boris Schwartz, copartners, in August, 1904; that they were adjudicated bankrupts September 9, 1904; that they applied for their discharge June 7, 1905, which application was dismissed for technical error, September 13, 1905. It will accordingly be seen that the bankrupts did apply timely for their discharge, and were denied it after a year had expired from their adjudication, which was too late under section 14 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) to file another application. The technical error, because of which their application was denied, was the fact that the advertisement printed in the New York Times of the first meeting of creditors described the bankrupts, as "Max Elkurd and Boris Schwartz," instead of "Max Elkind and Boris Schwartz." We cannot believe that any creditor of Elkind & Schwartz could have been misled by this particular error in the advertisement. At all events, the error was not made by the bankrupts, and they should not be denied a discharge to which they would otherwise be entitled because of it. A main purpose of the bankruptcy law was to afford honest bankrupts a discharge from their debts. Such right is to be jealously protected. We discover nothing in the act connecting the right to a discharge with the first meeting of creditors in such a manner that any irregularity in calling the meeting shall prejudice the right to a discharge.

An examination of the record in the earlier proceeding shows that no order was ever entered upon the memorandum of the District Judge, so that the question is not res adjudicata. 23 Cyc. 1227. The bankrupts, upon the entry of an order, may still appeal from it under section 25 of the bankruptcy act, and this we think the orderly procedure.

Accordingly we will not dispose of this appeal for 30 days, in order to give them an opportunity to take an appeal in the earlier proceeding, if they are so advised.