### In re BAKER.

(District Court, S. D. New York. September 6, 1920.)

Bankruptcy ☞404(2)—Bankrupt may be discharged from debts not scheduled in prior proceeding.

On a new voluntary petition, filed more than six years after his discharge in prior proceedings, a bankrupt may be discharged from all outstanding debts, including a debt existing when the first petition was filed, but not scheduled thereunder.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Charles S. Baker, bankrupt. On motion to vacate order allowing amendment of bankrupt's schedules. Motion denied.

Herbert G. McLear, of New York City, for appearing creditor.
George Bell, of New York City, for bankrupt.

MAYER, District Judge. On September 3, 1910, Baker was adjudged a bankrupt, and was discharged on October 2, 1911. No dividends were paid because of lack of assets. There was outstanding a promissory note for $281.10, dated November 18, 1904. This debt was not scheduled through inadvertence. Some payments were made on account of this note. After the discharge, the creditor sued the bankrupt in a Municipal Court, and obtained judgment for $145.70 on January 12, 1912. There is now due on the judgment $90.70, with interest. The defense interposed by Baker in the Municipal Court action was that the creditor had actual knowledge of the bankruptcy procceding, and therefore that the discharge operated to discharge the debt on the note; but Baker was unsuccessful. Baker has now filed a voluntary petition, more than six years since his discharge.

The only effect of failure to schedule is that an otherwise dischargeable debt is not discharged. Thereafter the creditor may pursue his remedies, unaffected by the discharge. When, however, more than six years later, a new petition is filed the bankrupt may schedule every outstanding debt, and he discharged in respect of a debt still existing, which had been omitted from the schedules of the first bankruptcy.

Failure to schedule and consequent failure to discharge a particular debt does not operate to adjudicate that the debt is not dischargeable. There is no res adjudicata doctrine, because nothing has been adjudicated so far as affects an unscheduled debt. If a discharge is refused, then, of course, that refusal is res adjudicata; but such is not this case. Cases cited by the attorney for the creditor are those where either (1) a discharge was previously refused, or (2) where a previous petition in bankruptcy is still pending. Of course, where there is a refusal to discharge, the adjudication necessarily is that for some reason justified by the statute the bankrupt cannot obtain discharge of any of his debts.

Where there is a previous proceeding pending, obviously the court will not entertain a second proceeding, so far, in any event, as affects debts existent at the time of filing the petition in the first proceeding. The case at bar, however, is different. Here the bankrupt did no act to bar his previous discharge, and the effect of failure to schedule was merely to let the debt remain alive. When, therefore, the bankrupt after six years seeks a discharge upon a new petition, the act contemplates that he may be discharged of any then existing debts.

On July 8, 1921, this court made an order allowing the bankrupt's schedules to be amended by adding this claim, and staying all proceedings upon execution, etc. The motion to vacate this order is denied.