### In re LYONS.

(District Court, E. D. New York. October 18, 1922.)

1. Bankruptcy ⬤➡425—Prior proceeding not scheduling creditors' claim not res judicata, creditor having had no notice of it.

Where bankrupt had filed a previous petition more than seven years before the filing of the present petition, the previous proceeding was not res judicata of a judgment which had been recovered against bankrupt prior to the filing of the first petition, but which was not included in the schedule in that proceeding; the judgment creditor having had no notice of the first proceeding.

2. Bankruptcy ⬤➡418(1)—Proceeding in which discharge neither granted nor refused not res judicata.

Where a bankruptcy proceeding was closed by the referee, though no order either refusing or granting a discharge had been entered, that proceeding was not res judicata.

3. Bankruptcy ⬤➡391(3)—Restraining order proper to prevent enforcement of scheduled judgment.

A restraining order is proper to prevent the enforcement of a judgment duly scheduled.

In Bankruptcy. In the matter of Walter A. Lyons, bankrupt. On motion of Manis Hyams, a judgment creditor, for modification of an order restraining judgment creditors from taking any proceeding to collect their judgments, except in bankruptcy. Motion denied.

Burger & Burger, of New York City, for moving creditor.
Thomas F. McGuire, of New York City, for bankrupt.

GARVIN, District Judge. A petition in bankruptcy having been filed in this court by the above-named bankrupt, an order was made herein, restraining various judgment creditors from taking any proceedings to collect their respective judgments, except in bankruptcy. One of those creditors, Hyams by name, now seeks to have that order modified by striking therefrom such portions as refer to him.

[1] More than seven years before the petition herein was filed, the bankrupt filed a petition in bankruptcy in the Southern district of New York. At that time Hyams had already recovered his judgment against the bankrupt, but the latter did not include him in the schedules, and Hyams has filed an affidavit in which he states that he had no knowledge of the first proceeding until after the second petition was filed. The bankrupt, on the other hand, makes affidavit that at

---

the time he filed his petition for discharge in the Southern district he informed Hyams of the pendency of the bankruptcy proceedings. In view of this conflict, consideration of the probabilities will be helpful. If the bankrupt actually informed Hyams of the proceeding, no reason is suggested why the schedules were not amended, so as to include the omitted claim, nor is it probable that Hyams would have taken no action upon learning of the bankruptcy, particularly in view of the fact that it appears that two creditors were objecting to the discharge. For these reasons the court finds as a fact that Hyams had no notice of the first proceeding and was not affected thereby. The bankrupt's second petition, which includes Hyams as a creditor, is valid as against the latter; the first proceeding not being res adjudicata as to him.

[2] When the bankrupt duly applied for his discharge in the Southern district, objections to such discharge were filed as stated, which were referred to a special master, who reported that the objections had been sustained. Nothing was done in that proceeding to have said report confirmed, and about two years after the report was filed the referee, who was also the special master, filed a further report, certifying that the report upon said objections had not been brought on for confirmation and that the case was closed.

The first bankruptcy proceeding is not pending. It was closed by the referee. The bankrupt was neither granted nor refused his discharge. The action of the referee was in some respects, perhaps, equivalent to a dismissal of the petition; but the first proceeding was not res adjudicata, for the reason that no order refusing the discharge was entered. In re Elkind et al., 175 Fed. 64, 99 C. C. A. 86.

[3] As a result the bankrupt was in a position to file a second petition and obtain a discharge from all dischargeable obligations by including them in his schedules. He has included the claim of Hyams, and is entitled to a discharge therefrom. As a result, the restraining order which is here sought to be modified was properly granted. A similar application to modify the order in question was made by one Knowles, another judgment creditor affected thereby, and denied. Knowles' position is similar to that of Hyams, except that the judgment of the former was included in the schedules filed in the first proceeding.

Motion denied.