## In re PERELSTINE.

(District Court, W. D. Pennsylvania. March 10, 1926.)

No. 11702.

**1. Bankruptcy ⬦405.**

One scheduled as a creditor, who has filed a reclamation petition, not yet determined, is a "party in interest," and may contest bankrupt's discharge.

**2. Bankruptcy ⬦413(3).**

Verification on *information of specification* of objections to discharge in bankruptcy is sufficient.

**3. Bankruptcy ⬦407(1).**

Irregularity in proceedings for considering an offer of composition may not be specified as an objection to discharge of bankrupt.

In Bankruptcy. In the matter of Morris Samuel Perelstine, trading as the Carter Shoe Company, bankrupt. On motion to dismiss specification of objections to bankrupt's discharge. Motion denied.

See, also, 7 F.(2d) 780.

Weil, Christy & Weil, of Pittsburgh, Pa., for Selz, Schwab & Co.

Maurice Chaitkin, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge. We have a motion on the part of the bankrupt to dismiss specification of objections filed by Selz, Schwab & Co., Albert H. Weinbrenner, and the American Seating Company. This motion must prevail as to Albert H. Weinbrenner and the American Seating Company, for, so far as they are concerned, the objections have not been verified. This leaves for our consideration only the sufficiency of the specification filed by Selz, Schwab & Co. [1] The first thing to notice is the question of whether or not the specification sufficiently shows that Selz, Schwab & Co. are entitled, under the statute, to object; that is, whether they are creditors interested in the estate. Selz, Schwab & Co. are listed as a creditor in the bankrupt's schedule. Their specification of objections discloses them to be a creditor and interested in the estate of the bankrupt. The bankrupt contends that, inasmuch as they have not proved their claim, and the time for filing proofs of claim has expired under the statute, they no longer have any interest in the estate, and cannot file specification of objections.

The authorities are not in accord on this subject. Some hold that, to object to the discharge, a creditor and party in interest must be one who has a debt provable in bankruptcy, which would be affected by the discharge. In re Chandler, 138 F. 637, 71 C. C. A. 87 (7th Circuit); In re Servis, 140 F. 222 (D. C. Iowa); In re Main, 205 F. 421, 30 Am. Bankr. Rep. 547 (District Court, Iowa). Others hold that parties scheduled as creditors may oppose discharge, even though they have not proven their claims. In re Frice (D. C.) 96 F. 611. Still others hold that a creditor from whom property has been obtained by a materially false statement in writing is entitled to contest the discharge, even though the bankrupt would not be discharged from that particular debt. In re Reed (D. C.) 191 F. 920.

A person also has been held to have sufficient interest to entitle him to oppose discharge where his claim is contingent and unliquidated, so as to be incapable of being proved as a debt, Ex parte Traphagen, Fed. Cas. No. 14,140; also, where he held an equitable claim against the estate, he was held to be entitled to file objections, In re Tebbetts, Fed. Cas. No. 13,817; and also where a claim against the estate is being contested, even though the claim has not been proved, In re Belden, Fed. Cas. No. 1,238. The District Court of the United States for the Eastern District of Pennsylvania has also held that one who has a suit pending against a bankrupt for the recovery of a debt, which is contested, is a party in interest, and entitled to contest the bankrupt's right to a discharge, although his claim has not been proved in the bankruptcy proceedings. In re Conroy, 134 F. 764.

In the instant case, Selz, Schwab & Co. have presented a reclamation petition to claim property in the hands of the trustee, alleging that it was obtained from them fraudulently by the bankrupt; that proceeding, yet undecided, is pending in this court. They, therefore, are a scheduled creditor, and have presented a claim against the estate, even though not in the form of an ordinary proof of claim, and we think are sufficiently interested in the estate to oppose discharge. We can say that they may be permitted hereafter to file a proof of claim, should the reclamation proceeding be decided against them. We therefore hold them to be parties interested in the estate sufficiently to permit them to file specification of objections.

[2] The next thing to be noticed with reference to the motion to dismiss is the reference to the form for verification. The bankrupt claims that a specification verified to the best of affiant's information is not sufficient. On that question this objection should be dismissed. Judge McPherson, District Judge in the Eastern District of Pennsylvania, held that such a verification on information of specification of objection is sufficient, and we think properly so. In re Milgraum & Ost (D. C.) 129 F. 827, 12 Am. Bankr. Rep. 306.

In the supplement to their specification, Selz, Schwab & Co. have filed an affidavit, as to the items of the specification that come within the particular knowledge of their manager, that such statements therein contained are true, and that, as to the balance of the statements contained in the specification of objections, they are true and correct to the best of his knowledge, information, and belief, and that he expects to prove them on hearing. We think that this is sufficient.

Now, as to the specification of the acts done by the bankrupt, namely, the obtaining of property or credit upon materially false statements in writing for the purpose of obtaining property or credit, we think the specification, as amended and supplemented by the creditor objecting, is sufficiently specific, and is not subject to objection on that ground.

[3] As to the second objection offered by Selz, Schwab & Co., i. e., that for the purpose of obtaining the assent of the creditors to the composition, proceedings before the referee were irregular, we do not think that

this comes within the objections which may be properly specified as objections to the discharge. They go, however, to the question of the bona fides of the proceedings had to obtain the consent of the majority of creditors to the composition, and these charges should be investigated to ascertain whether consent of creditors was properly obtained. We are of the opinion, on the whole case, that the specifications as made are sufficient, and that we must decline the motion to dismiss them.

We will now refer this case to the referee in bankruptcy for the purpose of taking testimony on the subject-matter of the objections specified, and of reporting his findings thereon and recommendations to the court.

An order may be entered accordingly.