## PRUDENTIAL LOAN & FINANCE CO. v. ROBARTS.

### No. 6365.

Circuit Court of Appeals, Fifth Circuit.
Oct. 26, 1931.

W. Emmett Perry, of Birmingham, Ala., for appellant.

O. S. Finch, of Birmingham, Ala., for appellee.

Before BRYAN, SIBLEY and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

W. H. Robarts was granted a discharge in bankruptcy on an application filed November 29th, 1929. The appellant, Prudential Loan & Finance Company, sought to have its debt excepted from the discharge on the ground that it had been scheduled by Robarts in a former bankruptcy in which no discharge was ever granted. From an unfavorable ruling, it appeals.

The facts are that Robarts was adjudged a voluntary bankrupt on a petition filed July 11, 1922; receiving a discharge on August 23, 1923. On February 26, 1926, the debt in controversy arose by the giving of a note. On March 1, 1927, Robarts filed a second voluntary petition, scheduling said note among his debts, and was adjudged a bankrupt. On April 26, 1927, he gave appellant a new note for the balance due, and

on June 2, 1927, judgment was rendered on it in a state court. Robarts did not apply for a discharge, and on September 5, 1928, the record was closed in the bankruptcy court. The petition in bankruptcy on which the discharge in controversy was granted was filed December 1, 1929. All the bankruptcies occurred in the same court. The appellant contends that its present note is the same debt that was scheduled in the 1927 bankruptcy, in which no discharge was gotten, and that it cannot be discharged in a subsequent bankruptcy because it is res judicata that the bankrupt is not entitled to a discharge against it. Appellee asserts that the new note, because taken since the filing of the former petition, is dischargeable, and cites Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676. That case, however, is distinguishable, for in it a discharge was granted in the former bankruptcy, so that the debt existed afterwards as an enforceable obligation only because of the new note, while in the present case there was no discharge, and the original debt survived the former bankruptcy. We will assume, without deciding, that its mere renewal did not destroy its identity for present purposes, and will consider the contention of res judicata. In Bluthenthal v. Jones, 208 U. S. 64, 28 S. Ct. 192, 52 L. Ed. 390, it is said: "Undoubtedly, as in all other judicial proceedings, an adjudication refusing a discharge in bankruptcy, finally determines, for all time and in all courts, as between those parties or privies to it, the facts upon which the refusal was based," but it was held necessary in a subsequent bankruptcy where the same debts were scheduled to plead and prove the adjudication to save the debts from discharge. The corollary to be drawn is that, if a provable debt survives a bankruptcy, it is still provable and dischargeable if scheduled in a second bankruptcy, and will be discharged unless good cause to the contrary be shown.

In Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193, it was said, arguendo, to be the result of cases there cited from this and other courts that "denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." The only ruling made in the case was that a pending application still undisposed of abates a second application so far as the same debts are concerned, and that the court may of its own motion notice its own records of former bankruptcies of the appli-

cant to ascertain whether he may proceed. The cases there cited in which the failure to apply for a discharge is held to be a bar in a subsequent bankruptcy go upon the idea that failure to apply gives rise to a judgment by default equal to one of express denial of the discharge. Where there is application and objection and express denial of the discharge, the facts adjudged are easily ascertainable, and are usually such as constitute a perpetual bar. Where there is default in applying, it is conclusively established only that a discharge cannot be had for some sufficient reason.

The peculiarity of the case at bar which distinguishes it from others heretofore decided is that on looking to the records in the same court of Robarts' prior bankruptcies it is apparent that in the bankruptcy of 1927 there was an insuperable obstacle to a discharge, in that he had obtained a discharge in bankruptcy within six years prior to April 1, 1928, the last day on which he might make application. Title 11, U. S. C. § 32(a), and (b) (5), 11 USCA § 32(a) and (b) (5). Had he applied, the discharge must necessarily have been denied for this reason, and we think this is the only thing that can on the facts shown by the record be fairly considered to be adjudicated by the default in not applying. Manifestly the mere adjudication that Robarts was not on April 1, 1928, entitled to a discharge because six years had not elapsed since his last discharge on August 23, 1923, could not prove him disentitled on November 29, 1929. The refusal of a discharge because of a prior discharge within six years stands on a different footing from a refusal on any other ground set forth in title 11, U. S. C., § 32 (b), 11 USCA § 32(b). The other grounds all involve reprehensible conduct of the bankrupt which Congress intended to punish by a perpetual refusal to discharge him from the claims of his then creditors. The purpose in adding the ground relating to a prior discharge within six years was not to punish, but only to postpone a second discharge for that period of time. An ill-advised voluntary adjudication, or an involuntary one on acts of bankruptcy which do not also defeat discharge, had within five years of the granting of a prior discharge, and on which no discharge can possibly be granted, was not intended to result in making the provable claims of creditors bankruptcy proof forever. Such a construction would tend to defeat one of the main purposes of the act, to wit: The relief of honest debtors who surrender their prop-

erty to their creditors. This provision of the act as it stood in 1927 makes no distinction between voluntary and involuntary bankruptcies, and the construction contended for would enable creditors of an insolvent, by obtaining a judgment or attachment, or taking advantage of some other innocent act of bankruptcy within five years from a prior discharge, to obtain the benefits of bankruptcy for themselves, without possibility of the debtor, however honest, obtaining a discharge from their claims then or at any time in the future. We conclude that a discharge denied on the sole ground that six years had not elapsed since a prior discharge is not a bar to a discharge applied for in another bankruptcy proceeding after the expiration of six years.

Judgment affirmed.