**In re MAYER.**

**No. 24200.**

District Court, E. D. New York.

July 19, 1933.

Archibald Palmer, of New York City (Samuel Masia, of New York City, of counsel), for bankrupt.

Rushmore, Bisbee & Stern, of New York City (George N. Hamlin and E. N. Gadsby, both of New York City, of counsel), for Chase Nat. Bank.

GALSTON, District Judge.

A motion is made by the Chase National Bank, a creditor, for an order permanently staying and enjoining the bankrupt from prosecuting his application for discharge and excepting from any discharge in this proceeding any and all debts such as were or are provable in a prior proceeding in bankruptcy brought by the said bankrupt in this court.

It appears that on March 25, 1933, the bankrupt filed a petition in this proceeding. In connection with the petition, the bankrupt filed a schedule setting forth all of his debts, as well as a schedule of his assets.

The debts listed were those to the Chase National Bank, of two notes, one in the amount of $21,300, and a second in the sum of $54,000; and the only other debt was to one Olga Mayer.

The assets disclosed consisted of a note made by one John C. Strauss in the sum of $15,000, stated to be of no value, some policies of insurance alleged by the bankrupt to be no part of his estate in bankruptcy, some personal wearing apparel, and certificates of preferred stock of Triple A Hosiery.

The petition sets forth that the debts, creditors, and assets recited in the schedules are the same debts, creditors, and assets set forth in the schedules filed in the proceeding in bankruptcy commenced in this court on the bankrupt's petition on March 26, 1932, a year less a day prior to the commencement of this present proceeding; and the debt to the Chase National Bank in such proceeding is the same debt listed in the schedules in the present proceeding.

In the proceeding initiated by the bankrupt, by the petition filed on March 25, 1933, no application was made by him for a discharge, and no order for such discharge or for an extension of time within which to apply for the discharge was ever made.

On April 28, 1933, in the present proceeding, the bankrupt filed an application for a discharge, and a hearing upon the application was ordered on the 9th day of June, 1933, and adjourned. The petitioner received a notice of such order, though it has not filed any proof of claim in either proceeding.

In the earlier proceeding, the bankrupt secured an order, restraining, among others, the Chase National Bank from taking any further steps in actions which had been commenced in the Supreme Court of the state of New York, county of New York, by the Chase National Bank against the bankrupt, until one year from the date of the adjudication in bankruptcy, or if within that time the bankrupt should apply therein for a discharge, then in such event until the question of such discharge should be determined.

On October 10, 1932, an order was made in said earlier proceeding in bankruptcy closing the case.

The failure of the bankrupt to obtain a discharge in the first proceeding clearly bars the bankrupt from applying for a discharge in the second proceeding as to debts provable in the first proceeding.

In the case of Kuntz v. Young (C. C. A.) 131 F. 719, 721, it appeared that in January, 1899, Kuntz was adjudged a bankrupt in one of the divisions of the District Court of Minnesota. The bankrupt made no application for a discharge within twelve months of his adjudication. While the involuntary proceeding was still pending, Kuntz filed a voluntary petition in bankruptcy in another di-

vision of the court, scheduling the same debts and creditors that appeared in the involuntary proceeding. The Circuit Court of Appeals, speaking through Judge Sanborn, said: "The failure of the bankrupt to apply for a discharge from his debts in the involuntary proceeding within 12 months after the adjudication foreclosed his right to such a discharge. It is only within that time that he may, under the bankruptcy law, make a lawful application to be relieved from his debts. The record of his failure to make the application in that proceeding was, in effect, a judgment by default in favor of his creditors to the effect that he was not entitled to a discharge from their claims. A judgment by default renders the issue as conclusively res adjudicata as a judgment upon a trial."

The court added: "A voluntary proceeding in bankruptcy for the sole purpose of obtaining a discharge which a prior involuntary proceeding has conclusively determined that the bankrupt is not lawfully entitled to presents no ground for relief, is vexatious and futile, and should be dismissed. In re Fiegenbaum, 57 C. C. A. 409, 121 F. 69."

In Re Schwartz (D. C.) 248 F. 841, in similar circumstances, that is, wherein the bankrupt failed to apply for a discharge within the period limited by the act in the first proceeding, and thereafter sought discharge in a second proceeding, it was held that he was barred from obtaining a discharge against the debts scheduled and provable in that proceeding, and he was enjoined from so doing. See, also, Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193; In re Silverman (C. C. A.) 157 F. 675.

I think the inference is inescapable that the bankrupt herein sought indirectly, by the filing of the second petition, to extend the period within which he might file an application for discharge. It is futile to argue, as he does, that, because the first proceeding was marked "closed" before the expiration of the statutory period within which he might apply for a discharge, he was by such act barred from making such application. He could not have been deprived of his statutory right. Bankruptcy Act, § 14 (11 U. S. C. § 32 [11 USCA § 32]).

The motion is therefore granted to the extent of excepting from any discharge in this proceeding any and all debts such as were or are provable in the prior proceeding.

Settle order on notice.