## In re EMERY.
### No. 16268.

District Court, E. D. Michigan, S. D.
March 6, 1934.

George E. Brand, of Detroit, Mich., for petitioner.

Stevenson, Butzel, Eaman & Long, of Detroit, Mich., for bankrupt.

O'BRIEN, District Judge.

Petition for order staying bankrupt's pending application for discharge as to, or excepting, bankrupt's debts existing on May 7, 1932, when bankrupt was adjudicated on former voluntary bankruptcy petition No. 13657 in this court, in which proceeding bankrupt failed to apply for a discharge.

The present voluntary bankruptcy proceeding, No. 16268, was filed October 4, 1933. Bankrupt schedules about forty creditors all but five of which were scheduled in the former proceeding. Order to show cause on bankrupt's application for discharge in the pending proceeding is returnable March 10, 1934.

Petitioner asserts that it is a "party in interest"; that its claim or cause of action against bankrupt arose June 6, 1930; that bankrupt failed to schedule petitioner as a creditor in the former proceeding of which petitioner had no notice or knowledge and in which it filed no claim; that petitioner's claim or cause of action arose under circumstances set forth in a declaration, dated May 24, 1933, in a state court suit against bankrupt and another for damages by reason of bankrupt's claimed false and fraudulent misrepresentations in the sale to petitioner of certain stock.

Petitioner was not scheduled as a creditor in the original schedules filed in this proceeding No. 16268, but on November 23, 1933, bankrupt petitioned for and later obtained leave to amend his schedules so as to include petitioner as a creditor, notwithstanding petitioner's objections that the proposed amendment did not correctly schedule petitioner's claim and that said claim would not be barred by a discharge. The amendment was made. On argument it was conceded that bankrupt had notice of petitioner's claim within eighteen months after May 7, 1932.

Counsel for bankrupt does not deny that petitioner is a "party in interest," competent to oppose bankrupt's discharge, but contends that because petitioner was not scheduled in the prior proceeding and did not file claim therein petitioner is not entitled to the relief prayed. Bankrupt's counsel relies upon In re Lyons (D. C. N. Y.) 287 F. 602, 2 A. B. R. (N. S.) 552. In that case application for discharge was not prosecuted in the first bankruptcy and because thereof the court held that there had been no adjudication granting or refusing a discharge and therefore the bankrupt was free to file a second petition and to obtain a discharge therein from all former debts, including those of a creditor who was not scheduled and who did not know of the first proceedings.

That petitioner is a "party in interest" and competent to object to bankrupt's discharge under section 14 of the Bankruptcy Act (11 USCA § 32) and local rule 28-b is well established. It is true that in 1 Collier (13 Ed.), p. 495, it is stated that a creditor having a claim which is not dischargeable may not be heard in opposition to a discharge, yet in the 1934 Supplement to that work it is said:

"A creditor whose claim will not be affected by discharge may nevertheless oppose the discharge. Matter of Feuer (C. C. A. 2d Cir.) 5 A. B. R. (N. S.) 718, 4 F.(2d) 892; Royal Indemnity Co. v. Cooper (C. C. A. 4th Cir.) 12 A. B. R. (N. S.) 178, 26 F.(2d) 585.

"Creditor holding a non-dischargeable claim, being a party in interest may oppose bankrupt's discharge. Meyer v. Price (N. Y. Ct. of App.) 13 A. B. R. (N. S.) 485, 250 N. Y. 370, 165 N. E. 814."

In 7 Remington (4th Ed.) §§ 3207 and 3208, it is stated:

"It has been held that a nondischargeable claim is not sufficient.

"But such cannot be the right holding, since the Amendments of 1903, 1910 and 1926 have made the obtaining of property on credit on a materially false statement in writing a ground itself of opposition to discharge. So that a creditor from whom goods have been obtained on credit by a false written statement is not estopped from opposing the discharge on that ground, even if he proves his claim for sharing in dividends, or is maintaining a suit in the state court in tort for the false representations." (Page 437.)

"But the party in interest need not have actually proved his claim, and perhaps he need not even have a 'provable' claim, or his claim may be no longer 'provable,' provided he has interest otherwise. Thus, the holder of a contingent claim may be a 'party in interest,' likewise, a creditor who has not proved his claim within the year and consequently cannot share in the dividends, or who has not proved his claim at all. And a creditor whose claim may be barred by * * * limitations is, nevertheless, clearly competent.

"Indeed, one who is at the time prosecuting a reclamation proceedings to recover property alleged to have been obtained from him by the bankrupt's fraudulent misrepresentations is an interested party competent to oppose the discharge, even though the gist of his reclamation is that he is not a creditor but an owner." (Pages 438, 439.)

The above author quotes extensively from In re Feuer (C. C. A.) 4 F.(2d) 892, 5 A. B. R. (N. S.) 718, and In re Perelstine (D. C.) 15 F.(2d) 64, 7 A. B. R. (N. S.) 447. See, also, In re Reed (D. C.) 191 F. 920, Royal Indemnity Co. v. Cooper (C. C. A.) 26 F. (2d) 585, 12 A. B. R. (N. S.) 178, and In re Armstrong (D. C.) 248 F. 292, 40 A. B. R. 770.

For holdings that bankrupt's schedules containing the name of a creditor are prima facie evidence that such creditor is entitled to oppose bankrupt's discharge, see In re Barrager (D. C.) 191 F. 247, and cases therein cited.

Whether the petition should be granted would seem to turn on the effect of bankrupt's failure to apply for a discharge in the former proceeding rather than on whether petitioner's claim is dischargeable.

In principle, In re Lyons, supra, is opposed to the decisions of other courts.

Section 3183 Remington (4th Ed.), p. 397:

"The dismissal of the petition for discharge for want of prosecution, and also the failure to file a petition for discharge, are in substance and effect judgments denying discharge." (Quoting at length from Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193, 6 A. B. R. (N. S.) 744, affirming In re Freshman (C. C. A.) 294 F. 867, 3 A. B. R. (N. S.) 454, affirming in turn (D. C.) 290 F. 609, 1 A. B. R. (N. S.) 167; Kuntz v. Young (C. C. A.) 131 F. 719, 12 A. B. R. 505; Horner v. Hamner (C. C. A.) 249 F. 134, 40 A. B. R. 817, L. R. A. 1918E, 465; Siebert v. Dahlberg (C. C. A.) 218 F. 793, 33 A. B. R. 272; In re Semons (C. C. A.)

140 F. 989, 15 A. B. R. 822; and In re Silverman (C. C. A. 2) 157 F. 675, 19 A. B. R. 460.

Section 3184 Remington, p. 399:

"A second petition for discharge may not be maintained in the same proceedings, nor in a new proceedings where the debts are identical, after the first petition has been denied, or not filed at all. The first denial is res adjudicata and binding on both parties, and a second petition is vexatious and useless repetition." Quoting In re Loughran (C. C. A. 3) 218 F. 619, 33 A. B. R. 352, affirming (D. C.) 215 F. 271, 32 A. B. R. 330.

That periodical bankruptcy is not to be encouraged is evident from section 14 of the Bankruptcy Act making discharge in bankruptcy within six years a ground for opposing a discharge.

 The authorities cited by Remington, particularly in the cases of Freshman v. Atkins, Siebert v. Dahlberg, and In re Loughran, support the view that it is a condition precedent to the granting of a discharge from debts provable in a bankruptcy proceeding that application be made in that proceeding within the time limited by law. That being so, the question does not turn on whether a debt is provable, dischargeable, or discharged and where both bankruptcies are in the same court it is the duty of the court to take judicial notice of the prior proceedings and even on its own motion to prevent the prosecution of the application for discharge as to debts provable in the former proceeding.

The order of the District Court in Re Loughran, supra, was that the bankrupt's application for discharge be denied. In affirmance the Circuit Court of Appeals, however, indicated that in strictness the application for discharge should have been dismissed.

Remington, § 3185, page 404, suggests that where both new and old debts are involved, the order of discharge in the second bankruptcy "might expressly except all debts provable in the first bankruptcy." See, also, In re Mayer (D. C. N. Y.) 4 F. Supp. 203, and In re McMorrow (D. C.) 52 F.(2d) 643, where a petition for stay and/or exception from discharge was filed and the court ordered that all debts proved or provable in the first proceeding be excepted from any discharge granted in the second.

Bankrupt's counsel requests that if stay be granted or exception made, it be limited to the claim of petitioner and not include all creditors in the former proceeding. This seems to ignore that it is a condition precedent to the right to a discharge that application therefor be made within the time limited by law, that the effect of a failure to apply for a discharge is the same as the effect of a refusal thereof, and that it is the duty of the court to take notice of the former proceeding and act ex mero motu.

The practice of seeking, by second bankruptcy, to obtain a discharge of debts not discharged by former bankruptcy has been aptly characterized by the Supreme Court in Freshman v. Atkins, supra, as " * * * an imposition upon and an abuse of the process of the court, if not a clear effort to circumvent the statute by enlarging the statutory limitation of time within which an application for a discharge must be made. In such a situation the court may well act of its own motion to suppress an attempt to overreach the due and orderly administration of justice."

In these circumstances the stay or exception should not be limited to petitioner's claim.

An order may be entered that no discharge granted in the pending proceeding shall affect or discharge any debts or liabilities of bankrupt existing at the time of the filing of bankruptcy proceeding No. 13657 in this court. The request in bankrupt's response that the former proceeding be withdrawn is not before the court.