## In re BRISLIN.

### District Court, N. D. New York.
### Dec. 21, 1934.

Chambers & Finn, of Glens Falls, N. Y., for bankrupt.

F. M. Joslyn, of Buffalo, N. Y., for objecting creditors.

COOPER, District Judge.

This matter comes before the court on the motion to confirm the report of the referee as special master, recommending discharge of the bankrupt.

The bankrupt filed his petition in bankruptcy on the 18th day of November, 1929. No application for discharge was made. The bankrupt filed a second petition in bankruptcy on the 27th day of October, 1933.

Upon his application for discharge under the second petition, objection was made by the assignee of certain creditors, who were listed in both petitions.

The matter was referred to the referee as special master, who took testimony, reported recommending discharge, and stated in his decision as follows:

"That on the 18th day of November, 1929, the above named bankrupt filed a petition in bankruptcy in the District Court of the United States for the Northern District of New York and was known as Bankruptcy No. 15635.

"That thereafter in said proceeding a trustee of said bankrupt was duly appointed and qualified; that all the assets of said bankrupt were surrendered and turned over to said trustee, converted by said trustee into cash and distribution of the proceeds made among the creditors of said bankrupt.

"That bankrupt engaged an attorney in said proceeding who agreed to take the necessary steps to secure bankrupt's discharge from his debts. That said attorney failed and neglected to take the necessary steps to secure bankrupt's discharge; that said bankrupt had no knowledge of the proper procedure to secure his discharge and relied solely upon his said attorney; that it was through no fault of said bankrupt that he did not make such application to secure his discharge; that no application for his discharge upon the said petition was filed by bankrupt.

"That no decision was made in said proceeding that bankrupt was not entitled to a discharge from his debts.

"That said bankrupt had not been granted any discharge within six years from the filing of the petition on November 18, 1929, or the filing of the petition herein.

"That none of the creditors scheduled in the petition filed by bankrupt on November 18, 1929, have been injured, mislead, or deceived by bankrupt's failure to apply for a discharge in said proceeding.

"That the above proceeding instituted herein was a bona fide proceeding and was not made for the purpose of avoiding any objections or ground upon which the bankrupt could have been denied a discharge had application been made upon the petition filed November 18th, 1929.

"That said bankrupt had committed none of the acts set forth in section 14 of the National Bankruptcy Act of 1898 as amended (11 USCA § 32), which are herein set forth as grounds upon which his discharge might have been denied.

"That the only reason said bankrupt was not discharged from his debts in said proceeding instituted on November 18th, 1929 was because no application was made for his discharge within the time prescribed by said Bankruptcy Act."

Here is an explicit finding by the special master that the bankrupt was not guilty of any acts or conduct which would have barred his discharge in bankruptcy under the first petition, and the sole reason for his not filing his petition for discharge and obtaining the same in due course was the negligence of his former attorney.

These findings this court adopts and confirms.

In none of the reported cases known to this court has there been such a finding of innocence on the part of the bankrupt.

Can this finding overcome what many of the cases call an adjudication (res adjudicata) that under such circumstances as here exist the bankrupt is not entitled to be discharged, under the second petition, which adjudication arises solely from his failure to file application for discharge under the first petition.

There is nothing in the bankruptcy statute which expressly excludes the bankrupt from discharge under a second petition from the debts scheduled in his first and also in his second petition because he neglected to file within the statutory time a petition for discharge under his first petition. Section 14b, subd. 5, of the Bankruptcy Act, as amended (11 USCA § 32 (b) (5), which provides that a discharge may not be obtained under a second petition within six years after a discharge under a first petition, does not have such effect.

But a body of judicial decision has grown up, beginning shortly after the enactment of the bankruptcy law, which holds that a failure to apply for a discharge under a first petition makes a condition of res adjudicata that the bankrupt was not entitled to a discharge from the debts therein scheduled and bars a discharge from the same debts under a second petition whether filed soon or long thereafter. Not all the cases call the bar to a discharge under a second petition an adjudication. At least one holds in substance that the statute gives a limited time after adjudication for discharge, and that, if application is not made within that time, the right to discharge is forever lost. Such a case is In re Loughran, 218 F. 619 (C. C. A. 3). It may be noted that the Bankruptcy Law does not expressly so provide. But the courts so deciding have so construed the law.

While there are some cases to the contrary, by far the greater number of cases hold that, if there has been failure to file application for discharge under the first petition in bankruptcy, the discharge is barred from the same debts under a second or any later petition. Some of these cases are: In re Fiegenbaum, 121 F. 69 (C. C. A. 2, 1902); Kuntz v. Young, 131 F. 719 (C. C. A. 8); In re Kuffler, 151 F. 12 (C. C. A. 2, 1907); In re Bacon, 193 F. 34 (C. C. A. 5, 1912); In re McMorrow (D. C.) 52 F.(2d) 643; Horner v. Hamner (C. C. A.) 249 F. 134, L. R. A. 1918E, 465; Siebert v. Dahlberg (C. C. A.) 218 F. 793; In re Semons, 140 F. 989 (C. C. A. 2, 1905); In re Mayer (D. C. 1933) 4 F. Supp. 203; In re Emery (D. C. 1934) 6 F. Supp. 896.

Some of the courts have sought to relieve the bankrupt from the seeming harshness of such a construction of the law and have held to the contrary. Such cases are: In re Lyons, 287 F. 602 (D. C. E. D. N. Y.); In re Skaats, 233 F. 817 (D. C. Ala.); Prudential L. & F. Company v. Roberts, 52 F.(2d) 918 (C. C. A. 5, 1931); In re Claff (D. C.) 111 F. 506.

It is not to be denied that many of the cases, holding that failure to obtain dis-

charge under the first petition is a bar against discharge from the same debts under a later petition, rely for support upon, Kuntz v. Young (C. C. A.) 131 F. 719, supra.

That case, however, is clearly distinguished from the case at bar. In that case the bankrupt applied for a discharge under his first petition, which was opposed upon the ground that the bankrupt had committed acts barring him from discharge, and, while such proceedings for discharge were pending undetermined, the bankrupt filed a second petition and sought discharge thereunder from the same debts. The discharge under the second petition was denied by the court. The difference between such a case and the case at bar where the innocence of any acts preventing discharge on the part of the bankrupt was affirmatively found is manifest.

The Fiegenbaum Case, supra, the only case cited in the Kuntz Case to support the res judicata doctrine, is also based upon the affirmatively shown misconduct of the bankrupt.

So that it appears that cases denying discharge under a second petition because the bankrupt was shown in proceedings under a first petition involving the same debts to have been guilty of misconduct sufficient to require denial of the discharge are the cornerstone of a body of law holding that discharge must be denied in the second proceedings, where there is no showing whatever of guilty acts by the bankrupt.

Most of the cases on this subject say that failure to apply under the first proceeding is res judicata that he was guilty of acts forbidding discharge.

The United States Supreme Court has never definitely decided this question so far as is known to this court. There is a statement supporting the general view in Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193, but this was in the nature of obiter, as was said in Prudential L. & F. Company v. Robarts (C. C. A.) in 52 F.(2d) 918, 919 in these words: "The only ruling made in the case was that a pending application still undisposed of abates a second application so far as the same debts are concerned, and that the court may of its own motion notice its own records of former bankruptcies of the applicant to ascertain whether he may proceed."

As shown, there are decisions in most of the Circuit Courts of Appeals supporting the res judicata construction. For many years the trend of judicial decision has been along this line.

In view of these numerous decisions, it must be held that this construction cannot be overthrown by proof and finding in application for discharge under a later petition that the bankrupt had not committed any acts barring his discharge under the first petition, and would have been entitled to a discharge under the first petition had he not neglected to apply for such discharge within the time fixed by the Bankruptcy Law.

The discharge is not totally denied. It is granted as to all scheduled debts created since the filing of the first petition. And the discharge must provide that it does not operate to discharge any debts existing at the date of filing the first petition.