## In re BISHOP.
### No. 24423.

District Court, W. D. New York.
Feb. 27, 1936.

John J. Brown, of Buffalo, N. Y., for bankrupt.

Herbert T. Silverberg, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

George R. Bishop was adjudicated bankrupt on April 11, 1928, in a proceeding in which he failed to apply for a discharge. Adjudication in the present proceeding was made on January 30, 1936. The bankrupt, in the second proceeding, scheduled a judgment debt owing to a certain creditor who had not been listed in the earlier schedules, although the debt, not then reduced to judgment, was owing at that time. By affidavit submitted on behalf of the creditor, it is asserted that said creditor had knowledge of the prior bankruptcy proceedings. This is not denied by the bankrupt.

Motion is made for an order enjoining the said creditor and the marshals of the city court of Buffalo from taking further proceedings to enforce an execution issued on said judgment. The bankrupt contends that he is entitled to such relief for the reason that this creditor was not scheduled and did not file a claim in the prior proceedings.

■ Failure to apply for a discharge bars a second application for discharge from the debts scheduled and provable in the first proceeding. Such failure constitutes a res adjudicata as to such debts. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Horner v. Hamner (C.C.A.) 249 F. 134, L.R.A.1918E, 465; In re Loughran (C.C.A.) 218 F. 619.

Several cases hold that a prior proceeding is not res adjudicata as to debts provable, but not scheduled. In re Baker (D.C.) 275 F. 511; In re Lyons (D.C.) 287 F. 602; Prudential Loan & Finance Co. v. Robarts (C.C.A.) 52 F.(2d) 918. In re Emery (D.C.) 6 F.Supp. 896, 898, holds to the contrary. There are numerous cases in which the final orders provided for the exception from the operation of the discharge of all debts provable in the first proceeding whether scheduled or not in the prior proceeding. In re Bacon (C.C.A.) 193 F. 34; In re Silverman (C.C.A.) 157 F. 675; In re Brislin (D.C.) 10 F.Supp. 181; In re Mayer (D.C.) 4 F.Supp. 203.

■ No case above cited is controlling here. This creditor had knowledge of the first proceedings and could have filed a proof of claim therein. Had a discharge been procured by bankrupt, the debt would have been discharged although not scheduled. Bankruptcy Act § 17a (3), 11 U.S.C. § 35 (3), 11 U.S.C.A. § 35 (3). Having knowledge of the proceedings, this creditor was put in the same class with respect to a discharge, as creditors who were listed in the schedules. His position is not prej-

udiced by the act of the bankrupt in failing to apply for a discharge.

If application for a discharge be made, the creditor may request that the order of discharge exclude from its operation the debts provable in the former proceeding. If the creditor does not, the court may take judicial notice of the prior proceeding, and, on its own motion, deny discharge as to such debts. It thus appears that the debt is not one from which the bankrupt may be discharged, and the court may not grant the motion for a stay of execution.

The motion is denied.