## In re GREEN.

District Court, S. D. New York.

May 29, 1937.

Herman Scheckner, of New York City, for bankrupt.

Charles Liebling, of New York City, for Betty Slone.

HULBERT, District Judge.

The bankrupt has been twice adjudicated within a period of less than three years, and the facts presented upon this application might be facetiously referred to as a comedy of errors were it not a pathetic exposure of wasteful efforts and fruitless result of human misfortune.

Betty W. Slone, the moving creditor, obtained a judgment by default against the bankrupt and a body execution thereupon precipitated the first petition filed on the 10th day of October 1934 in forma pauperis. The usual ex parte order staying all creditors was made, and then followed a succession of intermediate motions of one kind or another, not necessary to review here, but in due course the bankrupt made application on July 9, 1935, for discharge and the referee on April 28, 1936, made his certificate: "That no assets were discovered, no trustee appointed, bankrupt's petition for a discharge not acted upon, no indemnity having been paid, and case closed."

No order was ever entered thereon, but subsequently on motion of Mrs. Slone the proceeding was dismissed for lack of prosecution, and on the same day (May 6, 1937) a second voluntary petition was filed by the bankrupt and Mrs. Slone is again a scheduled creditor, and the usual ex parte stay order has been made and the first meeting of creditors is advertised to be held on June 4, 1937.

Counsel for the moving creditor concludes his elaborate brief with a request for a dismissal of the bankrupt's petition, but the notice of motion asks for an order vacating the ex parte stay and enjoining bankrupt's pending application for discharge.

The bankrupt claims that in January, 1932, Mrs. Slone rented a furnished room for herself and infant son in his household at $12 per week and brought with her possessions, a radio, which she had purchased under a conditional sales installment agreement. While bankrupt and his wife were absent on March 12, 1932, Mrs. Slone decamped, owing $48 rent, for which he sued her and obtained judgment. Mrs. Slone brought action against the bankrupt for the alleged conversion of the radio. The bankrupt moved to open his default and traverse the return, but Mrs. Slone's husband swore he had personally served the summons and the judgment was upheld. The bankrupt further alleges that the vendor of the radio sued Mrs. Slone, and in her answer to that suit she swore she had returned the radio to the seller prior to January 17, 1933.

Of course this court must give full faith and credit to the judgment rendered in the state court (28 U.S.C.A. § 687). The bankrupt lost his opportunity to apply for a discharge from that debt. The effect of a failure to apply for a discharge is the same as the effect of a refusal thereof. In re Emery (D.C.) 6 F.Supp. 896.

In re Lyons (D.C.N.Y.) 287 F. 602, an application for discharge was not prosecuted in the first bankruptcy, and the court recognized the right of the bankrupt to file a second petition and obtain a discharge from all former debts, but the weight of authority is to the contrary. See Remington (4th Ed.) § 3183, and cases there cited. Cf. In re Brislin (D.C.) 10 F.Supp. 181; In re Bishop (D.C.) 13 F.Supp. 905.

Moreover, the Congress has indicated that periodical bankruptcy is not to be encouraged, having provided by section 14 of the Bankruptcy Act as amended (11 U.S.C.A. § 32), that a discharge within six years is a ground for opposing second discharge, and certainly the time to apply for a discharge in one proceeding where the bankrupt has waived his right should not be revived and enlarged by the institution of a second proceeding. At most the bankrupt can only secure a discharge from his dischargeable debts not scheduled in the previous proceeding, and therefore the motion to vacate the stay must be granted. Settle order on notice.