80

## In re BERKOWITZ.

District Court, S. D. New York.
Sept. 17, 1942.

Frank A. Amuso, of New York City, for the bankrupt.

Trachman & Krosner, of New York City (Paul Arnold, of New York City, of counsel), for creditor.

CONGER, District Judge.

The above named bankrupt moves for an order directing his employer, the Carolyn Laundry, to continue making deductions from his salary pursuant to a garnishee order issued by the City Court of the City of New York, but staying the said employer from turning over the sums thus deducted to any City Marshall or to the judgment creditor, the Overland Trading Co., Inc., until further order of this Court.

The bankrupt had been adjudicated a bankrupt once before in 1934, but in that proceeding he failed to include in his schedules a judgment obtained against him in 1926, which judgment resulted in the issuance of the garnishee order in question. Accordingly, the debt was not discharged in that proceeding and the judgment creditor, who evidently had no knowledge of the prior proceeding, now contends that the failure to obtain such discharge precludes the bankrupt from discharging the debt in the present proceeding.

However, the law seems to be that a debt which is omitted from schedules in bankruptcy, and for that reason is not discharged, may be discharged in a later proceeding provided application for such discharge is made more than six years after the first discharge. Matter of Diereck, 37 Am.Bankr.Rep., N.S., 198; In re Baker, D.C., 275 F. 511; In re Lyons, D.C., 287 F. 602. It is only where the debt was listed in the earlier proceeding but the bankrupt neglected to apply for a discharge, or for some reason discharge of that debt was refused, that no discharge could have been granted in a later proceeding. In re Summer, 2 Cir., 107 F.2d 396, certiorari denied Summer v. Manufacturers Trust Co., 309 U.S. 680, 60 S. Ct. 718, 84 L.Ed. 1024.

Motion granted. Settle order on notice.